Mike MANDLBAUER, Appellant,

v.

The TEXAS WORKERS' COM-
PENSATION INSURANCE
FUND, Appellee.

No. 09–96–334 CV.

Court of Appeals of Texas,
Beaumont.

April 16, 1998.

Publication Ordered April 6, 1999.

Mike Jacobellis, Tonahill, Hile, Leister & Jacobellis, Beaumont, for appellant.

Michael Donovan, Burns Anderson Jury & Brenner, LLP, Austin, for appellee.

## OPINION

PER CURIAM.

Mike Mandlbauer appeals from an adverse jury verdict in his suit against the Texas Workers' Compensation Insurance Fund (TWCIF). Mandlbauer filed a claim for compensation for injuries sustained in September 1992, while employed at Apache Products. TWCIF contested Mandlbauer's right to receive benefits and requested a Benefit Review Conference. The dispute was not resolved at that conference and a Contested Case Hearing was

held to resolve whether Mandlbauer's current symptoms were related to his compensable injury and whether he suffered from any disability. The Hearing Officer found Mandlbauer's current symptoms were not the result of his compensable injury and that he suffered no disability entitling him to benefits. On that basis, Mandlbauer's right to medical treatment was terminated.

Mandlbauer appealed the Hearing Officer's ruling to the Appeals Panel who subsequently affirmed the Hearing Officer's decision. Mandlbauer then appealed the Appeals Panel decision by filing suit in district court. A jury trial was held wherein the jury found against Mandlbauer on both issues. From that verdict, Mandlbauer appeals raising five points of error.

 We find Mandlbauer's fourth point of error has merit and consequently will not address points of error one, two and three. In his fourth point of error, Mandlbauer argues the trial court erred by not submitting an instruction on sole cause in the jury charge.

> Sole cause is an inferential rebuttal defense, which may be submitted to the jury only as an instruction. *Reid v. Best Waste Systems, Inc.,* 800 S.W.2d 644, 646 (Tex.App.—Houston [14th Dist.] 1990, writ denied).... It is the duty of the trial judge to determine whether the doctrine of sole cause has been raised by the evidence. If the evidence supports an instruction, and the instruction has been raised properly by the pleadings, the trial judge has a duty to submit the instruction. *Charter Oak Fire Ins. Co. v. Taylor,* 658 S.W.2d 227, 229 (Tex. App.—Houston [1st Dist.] 1983, no writ); *See also Cook v. Caterpillar, Inc.,* 849 S.W.2d 434 (Tex.App.—Amarillo 1993, writ denied) (holding it is reversible error for a trial court to exclude a definition on "new and independent cause", an

inferential rebuttal defense, when supported by the evidence.)

*National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Kwiatkowski,* 915 S.W.2d 662, 665 (Tex.App.—Houston [14th Dist.] 1996, no writ). *Cf. DeLeon v. Pickens,* 933 S.W.2d 286, 290–91 (Tex.App.—Corpus Christi 1996, writ denied).

TWCIF argues sole cause was never raised. We disagree. TWCIF presented deposition testimony from Dr. Gary Freeman who examined Mandlbauer. When asked if he could explain the differences between the MRI performed in the fall of 1992 and the myelogram done in the fall of 1993, Freeman stated, "something happened because when you have a normal MRI and then you have this finding on the myelogram, uh, something, something changed somewhere." Clearly, it was Freeman's medical opinion that a subsequent injury had occurred. We find this testimony raised some evidence of sole producing cause. Thus, the trial judge had a duty to submit Mandlbauer's requested instruction stating, "There may be more than one producing cause of incapacity, but there can be only one sole cause of incapacity. If Mike Mandlbauer's incapacity was solely caused by some incident or event after February 10, 1993, independent of and not aggravated by his injury of September 19, 1992, then his injury of September 19, 1992, cannot be a producing cause of any incapacity."[1] *Compare Ledesma v. Texas Employers' Ins. Ass'n* 795 S.W.2d 337, 339–40 (Tex.App.—Beaumont 1990, no writ). Point of error four is sustained.

 Mandlbauer's final point of error contends the trial court improperly excluded testimony from his deposition. The statement of facts does not present the testimony and the deposition is not included in the record before this court. *See* Tex.R.App.P. 52(b); Tex.R.Civ.Evid. 103.

---

1. Although Mandlbauer's proposed instruction used the term "incapacity" instead of "disability", the requested instruction served

to put the trial court on notice that sole cause was raised.

Therefore, nothing has been preserved for review. We overruled point of error five.

The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.