Mike **MANDLBAUER**, Appellant,

v.

**THE TEXAS WORKERS' COM-
PENSATION INSURANCE
FUND, Appellee.**

No. 09–96–334 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 20, 1999.

Decided Sept. 23, 1999.

Rehearing Overruled Oct. 14, 1999.

Mike Jacobellis, Tonahill, Hile & Dutto, Beaumont, for appellant.

Michael Donovan, Burns, Anderson, Jury & Brenner, Austin, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION ON REMAND

PER CURIAM.

Mike Mandlbauer appealed from an adverse jury verdict in his suit against the Texas Workers' Compensation Insurance Fund (TWCIF) raising five points of error. We found Mandlbauer's fourth point of error to have merit and reversed and remanded the cause for a new trial. *Mandlbauer v. Texas Workers' Compensation Ins. Fund*, 990 S.W.2d 290 (Tex.App.— Beaumont 1998). TWCIF appealed the decision of this court and the Texas Supreme Court reversed our judgment and remanded for consideration of Mandlbauer's remaining issues. *Texas Workers'*

*Compensation Ins. Fund v. Mandlbauer*, 988 S.W.2d 750 (Tex.1999).

As the Supreme Court notes, Mandlbauer also raised on appeal "that the trial court had refused his requested instructions defining 'producing cause' and clarifying that '[t]here can be more than one producing cause' of symptoms and disability." *Id.* at 751. We agree and hold the trial court erred in failing to instruct the jury on producing cause.

Volume two of the Texas Pattern Jury Charges defines producing cause as "an efficient, exciting, or contributing cause from an injury or condition which, in a natural sequence, produces incapacity and without which cause such incapacity would not have occurred when it did." 2 COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 20.01 (2d ed.1989). *See also Panola Junior College v. Estate of Thompson*, 727 S.W.2d 677, 679 (Tex.App.—Texarkana 1987, writ ref'd n.r.e.). They also provide a comprehensive set of questions (and necessary definitions) for the jury to answer in determining whether a general injury is compensable. *See* 2 COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 20.03–20.07 (2d ed.1989). *See also Harry v. Univ. of Texas Sys.*, 878 S.W.2d 342, 343 (Tex.App.—El Paso 1994, no writ); *Montgomery County v. Grounds*, 862 S.W.2d 35, 40 (Tex.App.— Beaumont 1993, writ denied); *Ledesma v. Texas Employers' Ins. Ass'n*, 795 S.W.2d 337, 339–40 (Tex.App.—Beaumont 1990, no writ). Point of error four is sustained. The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.