TEXAS WORKERS' COMPENSATION INSURANCE FUND, Petitioner,

v.

Mike MANDLBAUER, Respondent.

No. 99–1204.

Supreme Court of Texas.

Oct. 19, 2000.

Rehearing Overruled Jan. 18, 2001.

Jeffrey R. Boggess, Mary Barrow Nichols, Texas Workers' Compensation Ins. Fund, Michael James Donovan, Burns Anderson Jury & Brenner, Austin, for petitioner.

Mike Jacobellis, Clay Dugas & Associates, Orange, for respondent.

PER CURIAM.

We grant Respondent Mike Mandlbauer's Motion for Rehearing. We withdraw our opinion of August 24, 2000 and substitute the following opinion.

We consider two issues: (1) whether the claimant, Mike Mandlbauer, was entitled to jury instructions on "producing cause" in his workers' compensation case; and (2) whether the court of appeals' mandate properly assessed costs against the Texas Workers' Compensation Insurance Fund. We conclude that Mandlbauer was not entitled to such instructions because the jury charge did not mention producing cause. We also conclude that the court of appeals' mandate is ambiguous and contradicts our mandate that Mandlbauer pay all costs in this Court and the court of appeals on remand. Therefore, we reverse the court of appeals' judgment, remand this cause to the court of appeals to consider Mandlbauer's remaining points of error, and order that Mandlbauer pay all costs for all appeals.

Mike Mandlbauer, an Apache Products Company employee, sustained a compensable back injury in September 1992. In November 1992, he had a magnetic resonance imaging scan (MRI) that revealed no bulging or herniated disks in his back. Mandlbauer left Apache in February 1993 and became involved in moving mobile homes. In November 1993, Mandlbauer saw his doctor, and the doctor discovered Mandlbauer had a herniated disk in the same place that was shown to have been normal in his MRI scan performed a year earlier.

The Fund denied any further medical treatment because the 1993 treatment was not related to his September 1992 injury. The Texas Workers' Compensation Commission agreed with the Fund, and Mandlbauer appealed to the trial court. The trial court rendered judgment for the Fund in accordance with the jury verdict. Mandlbauer appealed and the court of appeals reversed the trial court's judgment and remanded the case for a new trial. The Fund appealed to this Court. In a *per curiam* decision, we held that Mandlbauer did not have standing to complain about the trial court's failure to submit an inferential rebuttal instruction on sole cause. Accordingly, we reversed the court of appeals' judgment and remanded the case to that court. *See Texas Workers' Compensation Ins. Fund v. Mandlbauer,* 988 S.W.2d 750 (Tex.1999). Our mandate provided that the "Texas Workers' Compensation Insurance Fund shall recover from Mike Mandlbauer, who shall pay, the costs in this Court and in the court of appeals."

The court of appeals, on remand, reversed the trial court's judgment and remanded the case for a new trial. *See Mandlbauer v. Texas Workers' Compensation Ins. Fund,* 998 S.W.2d 939, 940 (Tex. App.—Beaumont 1999, pet. granted). The court of appeals held that the trial court improperly refused to submit Mandlbauer's requested instructions on "producing cause." *Mandlbauer,* 998 S.W.2d at 940. It noted that the Texas Pattern Jury Charge defined producing cause, and that the TPJC provided questions for the jury on whether a general injury is compensable. *See* 2 COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 20.01 (2d ed.1989). The court of appeals also ordered that "all costs of the appeal shall be assessed against [the Fund]."

■ We first consider whether the trial court abused its discretion in refusing to submit Mandlbauer's requested instructions on producing cause. We conclude that it did not. The trial court has "considerable discretion to determine necessary and proper jury instructions." *Louisiana–Pacific Corp. v. Knighten,* 976 S.W.2d 674, 676 (Tex.1998); *see also Butler v. De La Cruz,* 812 S.W.2d 422, 426 (Tex.App.—San Antonio 1991, writ denied).

■ At trial, Mandlbauer requested that the trial court submit three instructions:

1) There can be more than one *producing cause* of disability. If you find that the injury of September 18, 1992, together with other injuries or events each contributed to the disability of Mike Mandlbauer, then the injury of September 18, 1992, was a *producing cause* of his disability.

2) There can be more than one *producing cause* of symptoms. If you find that the injury of September 18, 1992, together with other injuries or events each contributed to Mike Mandlbauer's symptoms, then the injury of September 18, 1992, was a *producing cause* of his symptoms.

3) There may be more than one *producing cause* of incapacity, but there can be only one *sole cause* of incapacity. If Mike Mandlbauer's incapacity was *solely caused* by some incident or event after February 10, 1993, independent of and not aggravated by his injury of September 18, 1992, then his injury of September 18, 1992, cannot be a *producing cause* of any incapacity.[1]

Mandlbauer contends, and the court of appeals held, that the trial court erred by not submitting these instructions because the Fund disputed whether the work-related injury caused Mandlbauer's symptoms and need for medical treatment. We disagree.

---

1. We have already held that Mandlbauer could not complain on appeal about the trial court's failure to submit an inferential rebuttal instruction. 988 S.W.2d at 750.

When a trial court refuses to submit a requested instruction, the question on appeal is whether the request was reasonably necessary to enable the jury to render a proper verdict. *See* Tex.R.Civ.P. 277; *Brookshire Bros., Inc. v. Wagnon,* 979 S.W.2d 343, 351 (Tex.App.—Tyler 1998, no pet.). Further, for an instruction to be proper, it must (1) assist the jury; (2) accurately state the law; and (3) find support in the pleadings and the evidence. *See* Tex.R.Civ.P. 278; *European Crossroads' Shopping Ctr., Ltd. v. Criswell,* 910 S.W.2d 45, 54 (Tex.App.—Dallas 1995, writ denied).

Mandlbauer did not plead or try his case under a producing cause theory. The charge itself did not mention producing cause but submitted the question in terms of "resulting from." Mandlbauer did not object to the charge. Here, the TWCC Appeals Panel, Mandlbauer's own pleadings, the current statute, and the charge describe the causation issues in terms of "resulting from," not producing cause. *See* Tex.Lab.Code § 401.011(26). It is not an abuse of discretion to refuse to define a term not used in the charge. Thus, the trial court's refusal was within its discretion, and the court of appeals incorrectly remanded this case for a new trial based on this reason.

We also hold that the court of appeals' mandate stating that "all costs of the appeal" be assessed against the Fund is ambiguous because it does not limit costs to the appeal on remand. The court of appeals generally has discretion to assess costs in subsequent court of appeals' proceedings. But in this instance the court's mandate could be read to include the costs in the court of appeals that this Court ordered Mandlbauer to pay. Our judgment today awards all costs against Mandlbauer for all appeals. Under Texas Rule of Appellate Procedure 59.1, without hearing oral argument, we reverse the court of appeals' judgment and remand this cause to the court of appeals to consider Mandlbauer's remaining points of error.