NUMBER 13-00-578-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


 TONY BENDER D/B/A MASTER TRAINER CO. , Appellant,
v.

RUBEN MOYA , Appellee.



On appeal from the County Court at Law No. 3

of Nueces County, Texas.




O P I N I O N

Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Dorsey


Tony Bender d/b/a Master Trainer Co. appeals from a take-nothing judgment in his suit for breach of contract and fraud
against Ruben Moya. The sole issue is whether the trial court abused its discretion by refusing Bender's jury instruction
incorporating the holding in Tips v. Hartland Developers, Inc., 961 S.W.2d 618 (Tex. App.-San Antonio 1998, no writ). 
We affirm.

I. FACTS 


In April, 1989, the City of Corpus Christi annexed Rodd Field Village (the "Village"), an unplatted subdivision. About
August, 1997, Tony Bender met with John Kendall, the "plan reviewer" for the City's building division. Bender asked
Kendall about the requirements for building a dog kennel facility in the Village. Kendall told him that he could not build
any new structures on the property, could not add on to any existing structures on the property, and that the property had to
be platted before he could get any building permits to build the kennel.

After that conversation Bender bought a three-acre tract in the Village on which he planned to build his dog kennel, and
contracted in January, 1998, with Ruben Moya to build the kennel. Bender paid Moya $40,000 down, and Moya began
construction. On January 28, 1998, the City ordered Bender to stop work on the kennel because he had not obtained the
building permits. On July 14, 1998, John Kendall discovered that construction on the kennel had continued in violation of
the January 28, 1998 order. Accordingly Kendall issued Bender a second stop-work order and ordered Bender to plat his
property and obtain the required building permits. 

On August 31, 1998, Bender sued Moya alleging breach of a construction contract and fraud. Bender asserted that Moya
had agreed to obtain the building permits. In his answer and counterclaim Moya alleged that Bender's damages were
caused by Bender's failure to comply with the City's platting requirements. The jury found that (1) the parties did not agree
that Moya would obtain building permits, and (2) Moya had performed work valued at $36,325.52. The trial court entered
judgment for Moya.

II. ANALYSIS


By a single issue Bender asserts that the trial court erred by refusing to submit his requested jury instruction incorporating
the holding in Tips v. Hartland Developers, Inc., 961 S.W.2d 618 (Tex. App.-San Antonio 1998, no writ). Bender's
requested instruction reads, "In the absence of a contrary agreement, all contractors impliedly agree to comply with relevant
city codes so that the building is suitable for its intended purpose."

III. STANDARD OF REVIEW


We review a trial court's decision to submit or refuse a particular instruction under an abuse of discretion standard. In re
V.L.K., 24 S.W.3d 338, 341 (Tex. 2000). The trial court has considerable discretion to determine necessary and proper jury
instructions. Id. When a trial court refuses to submit a requested instruction the question on appeal is whether the request
was reasonably necessary to enable the jury to render a proper verdict. Texas Workers' Compensation Ins. Fund v.
Mandlbauer, 34 S.W.3d 909, 912 (Tex. 2000). See Tex. R. Civ. P. 277. Further a proper instruction must: (1) assist the
jury; (2) accurately state the law; and (3) find support in the pleadings and the evidence. Mandlbauer, 34 S.W.3d at 912. 
See Tex. R. Civ. P. 278.

IV. THE TIPS HOLDING

In Tips v. Hartland Developers (Hartland) Tips and Hartland entered into a contract under which Hartland would build an
airplane hangar for Tips and secure all permits for its completion. Hartland started construction and then stopped,
claiming that Tips had not paid him. Tips claimed that he refused to pay because Hartland, along with other deficiencies,
had failed to comply with San Antonio fire code requirements; thus, he was unable to secure a certificate of occupancy
from the city. Hartland sued Tips for breach of contract, and after a bench trial, the court found for Hartland. On appeal
Tips argued that the trial court failed to consider that implicit in the contract between himself and Hartland was a covenant
to deliver a structure that met building code requirements. The appellate court found that such a covenant is implied in
construction contracts.

In its analysis the Tips court stated that it had not found a Texas case that determined whether an implied covenant exists in
construction contracts that the contractor comply with relevant municipal codes. The court stated:

Texas courts have been reluctant to identify implied covenants. Such covenants will be implied only "when there is a
satisfactory basis in the express contracts of the parties which makes it necessary to imply certain duties and obligations in
order to effect the purpose of the parties in the contracts made. . . . [I]t must appear therefrom that it was so clearly in the
contemplation of the parties so that they deemed it unnecessary to express it . . . or that it was necessary to imply such [a]
covenant in order to give effect to and effectuate the purpose of the contract as a whole." Freeport Sulphur Co. v.
American Sulphur Royalty Co., 117 Tex. 439, 6 S.W.2d 1039, 1040-1 (1928); see also Calvin v. Koltermann, Inc. v.
Underream Piling Co., 563 S.W.2d 950, 957 (Tex. Civ. App.-San Antonio 1977, writ ref'd n.r.e.).
Tips, 961 S.W.2d at 621. The court held that: 

[A] cause of action is available to plaintiffs for breach of contract where a contractor has failed to comply with building
codes relevant to the intended use of the structure. While we agree that findings of implied covenants are to be made
sparingly, we believe this holding squares with Texas law, which holds that implied covenants will be found where
necessary to effectuate the parties' intentions and purposes in contracting. Underream Piling Co., 563 S.W.2d at 957. 
Certainly buyers, when seeking to have buildings constructed, intend that the building will meet the relevant standards that
make the building usable. An implied covenant to comply will be presumed; however, this presumption may be countered
with evidence that the parties agreed differently.

Tips, 961 S.W.2d at 622.

Thus the holding in Tips is that a breach of contract claim exists when a contractor has failed to comply with building codes
relevant to the intended use of the structure. Id. This presumption, however, may be countered with evidence that the
parties agreed differently. Id.

Tips is distinguishable from our case, because it did not involve a land owner who knew that he had to plat his property
before he could obtain building permits. Here the evidence showed that Tony Bender knew that he had to plat his property
before he could get the necessary building permits to construct the kennel. Ruben Moya testified that he and Bender had a
very brief discussion about the building permits and that Bender told him "not to worry about it." Moya stated that he did
not tell Bender that he would get the building permits for the kennel. When counsel asked Bender, "What did he [Moya]
tell you [with respect to the permit]?", Bender replied, "He said he would take care of everything." Bender's testimony was
that Moya did not say that Bender had to get the building permits. Although the evidence is disputed about whether Moya
agreed to obtain the building permits, the evidence does not show that Moya agreed to plat Bender's property, a necessary
first step in obtaining the building permits. Further, neither the proposal nor the written contract mentioned that Moya had
to plat the property or obtain building permits. Thus even if Moya had agreed to obtain the building permits, he could not
have obtained them due to the fact that Bender had not platted his property. Accordingly Bender's requested Tips
instruction would not assist the jury, because Moya could not have obtained the permits. Therefore the requested
instruction was not reasonably necessary to enable the jury to render a proper verdict. See Mandlbauer, 34 S.W.3d at 912. 
We hold that the trial court did not abuse its discretion in refusing to submit the Tips instruction. We overrule the point of
error.

We AFFIRM the trial court's judgment.


______________________________

J. BONNER DORSEY,

Justice


Do not publish .

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 28th day of February, 2002.