Reversed and Remanded and Memorandum Opinion filed November 6, 2003














Reversed and Remanded and Memorandum Opinion filed November 6,
 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00643-CV

____________

 

TEXAS WORKERS=
COMPENSATION INSURANCE FUND,
Appellant

 

V.

 

KATHY ZELLARS BRIDWELL, JUSTIN
P. ZELLARS, AND 

WILLIAM
JOSHUA ZELLARS, Appellees

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 99-19033

 



 

M E M O R A N D U M  
O P I N I O N

In this workers= compensation case, appellant
Texas Workers= Compensation Insurance Fund
asserts the trial court reversibly erred by erroneously charging the jury
regarding the definition of Acourse and scope of employment.@  We agree, reverse the trial court=s judgment, and remand for a
new trial.








                        I. 
Factual and Procedural Background

William Zellars
worked as a construction supervisor for Ameriway
Construction Company.  On April
 18, 1997,
Zellars was working in West Columbia, Texas, about eighty miles from his
home in Spring. 
He used his personally owned truck to travel to and from work.  Ameriway had
purchased a construction trailer, and Zellars used
his truck to pull the trailer to and from work sites.  Zellars used the
trailer to haul tools and equipment, some of which belonged to him and some to Ameriway.  

On the way home from West Columbia, Zellars
experienced problems with his truck.  Zellars arranged for his truck, with the trailer attached,
to be towed to a grocery-store parking lot about ten miles from his home.  Zellars=s wife testified that Zellars called her that night and told her that he planned
to use the generator in the trailer to jump start the battery in his
truck.  The next day, Zellars
was found dead in the trailer.  He had
died of asphyxia from carbon monoxide inhalation.  The generator in the trailer was out of gas. 

Zellars=s wife and two sons C appellees
Kathy Zellars Bridwell,
Justin P. Zellars, and William Joshua Zellars (collectively, AClaimants@) C filed a claim for workers= compensation death benefits.  At every administrative level in the workers= compensation system, their claim was
denied because Zellars=s injuries were determined not to
have been sustained in the course and scope of his employment.  The Claimants sought review in the district
court. 

The parties entered into the following stipulations, among
others:

(1)       Ameriway provided hotel or motel
accommodations while Zellars was on company business
out of town.

(2)       Zellers=s compensation from Ameriway
included a $500 monthly Aautomobile allowance@ that Zellars could use as he saw fit, a $140 Atravel allowance@ that
was paid at the start of work at each new job site, a $300 monthly Aauto phone allowance,@ and a
$115 Aauto insurance allowance.@

(3)     Zellars suffered accidental death due
to Aasphyxia from carbon monoxide
poisoning.@








(4)     Ameriway did not tell Zellars to
which job site he should report each day, did not specify the time he should
begin or end his work day, and did not require him to travel on any particular
route.

There was evidence at trial to support the following
propositions: 

(1)     Ameriway did not pay for gasoline or
repairs for Zellars=s truck and did not provide any
maintenance for the truck. 

(2)     Ameriway did not require Zellars to provide receipts to show how Zellars
used his automobile allowance. 

(3)     Zellars=s travel allowance was unrelated to
transportation and was actually a per diem payment. 

(4)     Zellars supervised projects in up to
three different communities at once, and it was within his discretion to
determine where he would work each day. 

(5)     it was not required as a term of Zellars=s employment that he haul the trailer.


(6)     the trailer had no lights, electricity,
or plumbing. 

(7)     Ameriway never authorized, encouraged
or knew of people sleeping in the trailer. 

(8)     Zellars owned the gas generator. 

(9)     Kathy Zellars Bridwell believes the generator was owned by Ameriway.

 

The trial court did not define Acourse and scope of employment@ using the definition found in
section 401.011(12) of the Texas Labor Code. 
The trial court=s definition did not contain the last sentence of the
statutory definition.  The jury, in a
10-2 verdict, found that Zellars=s injuries were sustained in the
course and scope of his employment.

                                                       II.  Issues Presented 

Appellant Texas Workers= Compensation Insurance Fund
(the AFund@) argues the trial court
reversibly erred in its instruction on the definition of Acourse and scope of employment.@








                                         III. 
Standard of Review

Although this court generally reviews the trial court=s decisions as to how to charge the
jury under an abuse-of-discretion standard, once the trial court has decided to
define a term in the charge for the jury, this court determines whether the
definition accurately states the law under a de-novo standard of review.  See St. Joseph Hosp. v. Wolff, 94
S.W.3d 513, 525 (Tex. 2003) (stating appellate court reviews propriety of
definition used in charge under de-novo standard of review); Texas Workers= Comp. Ins. Fund v. Mandlbauer, 34 S.W.3d 909, 912 (Tex. 2000) (general
abuse-of-discretion standard of review).

                                                   IV.  Analysis

The Texas Labor Code provides the following definition of Acourse and scope of employment@:

ACourse and scope of employment@ means an activity of any kind or
character that has to do with and originates in the work, business, trade, or
profession of the employer and that is performed by an employee while engaged
in or about the furtherance of the affairs or business of the employer.  The term includes an activity conducted on
the premises of the employer or at other locations. 

The term does not include:

(A) transportation
to and from the place of employment unless:

(i)      the
transportation is furnished as a part of the contract of employment or is paid
for by the employer;

(ii)      the means of the transportation are
under the control of the employer;  or

(iii)     the employee is directed in the
employee=s employment to proceed from one place
to another place;  or

(B) travel
by the employee in the furtherance of the affairs or business   of the employer if the travel is also in
furtherance of personal or private affairs of the employee unless:

 








(i)      the travel to the
place of occurrence of the injury would have been made even had there been no
personal or private affairs of the employee to be furthered by the travel; and

(ii)      the travel would not have been made
had there been no affairs or business of the employer to be furthered by the
travel.

Texas Labor Code ' 401.011(12). 

The trial court=s definition of Acourse and scope of employment@ must accurately state the law.  See Mandlbauer, 34 S.W.3d at 912.  The trial court=s charge defined Acourse and scope of employment@ using the first two sentences
of the above statutory definition verbatim. 
The Fund requested the trial court to define this term using all three
sentences of the statutory definition; however, over the Fund=s objection, the trial court
refused to define Acourse and scope of employment@ using all three sentences of
the statutory definition.  In the third
sentence of the statutory definition, the Legislature excluded two specifically
described situations from the general definition of Acourse and scope of employment.@  The evidence at trial raised genuine issues
of material fact regarding the applicability of these exclusions.  We hold that the trial court erred by failing
to charge the jury on all three sentences of the statutory definition in section
401.011(12) of the Texas Labor Code.  See Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 474B81 (Tex. 2001) (holding trial court erred in
giving jury instructions that were incomplete under applicable statute); Gray
v. West, 608 S.W.2d 771, 775B77 (Tex. Civ.
App.CAmarillo 1980, writ ref=d n.r.e.) (holding trial court erred by failing to charge the jury on
all elements that plaintiff needed to prove as to joint-adventure
theories).  








In performing a harm analysis regarding this charge error, we
examine the entire record.  See Quantum
Chem. Corp., 47 S.W.3d at 480.  The only contested issue at trial was whether
Zellars was in the course and scope of his employment
when he sustained the injuries that resulted in his death.  The trial was contested, and the evidence was
conflicting. The Claimants argued the erroneous definition in their closing
argument.  The evidence at trial raised genuine
issues of material fact regarding the applicability of the exclusions contained
in the omitted portion
of the statutory definition.  The erroneous
definition prevented the Fund from arguing these exclusions to the jury.  After reviewing the entire record, we
conclude that the trial court=s error probably caused the rendition of an improper
judgment.  See Tex. R. App. P. 44.1(a); Quantum Chem. Corp., 47 S.W.3d at
480; Timberwalk Apartments, Partners, Inc.
v. Cain, 972 S.W.2d 749, 756 (Tex. 1998). 


The Claimants assert that, because the Fund has not
challenged the sufficiency of the evidence, it cannot seek reversal of the
trial court=s judgment and remand for a new trial
based on error in the jury charge.  The
Claimants cite no authority for this proposition, and we find it lacks
merit.  To seek a new trial based on jury
charge error, a party need not challenge the sufficiency of the evidence to support
the jury=s verdict under the allegedly
erroneous charge.  The Claimants also
assert that the parties= stipulations removed any fact issues
regarding the third sentence of the statutory definition, but this is not
supported by the record.  Therefore, we find this
argument also lacks merit.

                                                 V. 
Conclusion

Because the trial court committed reversible error by
refusing to charge the jury based on the entire statutory definition, we
sustain the Fund=s first issue, reverse the trial court=s judgment, and remand for a new
trial in accordance with this opinion.[1]

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed November
 6, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler
and Frost.

 











[1]  Because we
have granted all the relief the Fund seeks on appeal, we need not address the
Fund=s other issue.