Phillip Darren **WOOLDRIDGE**,
Appellant

v.

**TXU ELECTRIC DELIVERY COMPANY, f/k/a Oncor Electric Delivery Company, Appellee.**

No. 05–06–00883–CV.

Court of Appeals of Texas,
Dallas.

Oct. 24, 2007.

William O. Wuester, Douglas, Wuester & Stenholm, Fort Worth, James David Wimberley, Breckenridge, TX, for Appellant.

James T. Jeffrey, Jr., Law Offices of Jim Jeffrey, Arlington, Kerwin B. Stephens, Graham, Thomas F. Lillard, Hunton & Williams, LLP, Dallas, Ken Andrews, Law Offices of Ken Andrews, Graham, J. Brantley Saunders, Plano, TX, for Appellee.

Before Justices RICHTER, FRANCIS, and LANG–MIERS.

## Opinion

Opinion by Justice RICHTER.

This is a jury question and instruction case. Plaintiff below, Phillip Darren Wooldridge appeals a trial court judgment against TXU Electric Delivery Company f/k/a Oncor Electric Delivery Company ("TXU") because the court did not include his requested question and instruction in the jury charge. Wooldridge's claims arose from injuries he sustained as a result of electrocution during a roofing accident. Wooldridge brought suit solely against TXU which thereafter sued and designated as responsible third parties, the roofing contractor, Wayne's Roofing a/k/a Wayne Calhoun, the homeowners, William E. Rice and Brenda J. Rice, the builder, Jim Gribble, and the real property owner, the Brazos River Authority. Relying on testimony that Wayne's Roofing secured the services of Wayne Calhoun's son, Johnny Calhoun, to supervise the roofing job, TXU requested jury questions as to causation and attribution of negligence to include Johnny Calhoun. Wooldridge seeks reversal and remand of the trial court judgment on the sole ground of the trial court's refusal to include an instruction to the jury that Texas Health and Safety Code Section 752, requiring notification to TXU by any person responsible for work within six feet of a high voltage electrical line, was not applicable to Johnny Calhoun because he was employed by Wayne's Roofing. Finding no reversible error, we affirm.

## Background

In May 2003, Brenda and William Rice retained the services of Wayne's Roofing to repair a garage roof at their lakehouse located on real property they leased from the Brazos River Authority. The garage building had been constructed in 1996 by Jim Gribble and was situated under a high

voltage overhead line operated by TXU. On May 23, 2003, Wooldridge was working on the roof when he made contact with the high voltage line and was electrocuted at least twice. He sustained severe injuries, including the loss of one arm.

On December 31, 2003, Wooldridge filed suit against TXU. Utilizing Texas Civil Practice and Remedies Code Section 33.004, TXU moved for designation of the Brazos River Authority, Jim Gribble, the Rices, and Wayne's Roofing as responsible third parties. TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(a) (Vernon Supp.2006). In a separate motion, TXU asked that Johnny Calhoun also be designated as a responsible third party. TXU also brought third-party comparative responsibility claims against, among others, Johnny Calhoun. Despite the requirement of Section 33.004(f) to file an objection within fifteen days, Wooldridge did not object to the inclusion of Johnny Calhoun as a third-party defendant or responsible third party until nine months after TXU moved to designate him. TXU premised Johnny Calhoun's liability on the following four alternative grounds:

A. Failing to contact [TXU] at least 48 hours before his employee, [Wooldridge] was to begin work on the new roof.

B. Failing to effectively guard against the danger of [Wooldridge] contacting the high voltage overhead electrical line with six feet of the new garage.

C. Requiring [Wooldridge] to perform work function or activity within six feet of the high voltage overhead electrical line near the roof of the new garage.

D. Failing to warn [Wooldridge] of the danger and hazardous condition of the high voltage overhead electrical line being within six feet of the area

where he was directing [Wooldridge] to work.

TXU also sued Wayne's Roofing, a/k/a Wayne Calhoun, for contribution and indemnity. TXU alleged that "Wayne's Roofing authorized Johnny Calhoun to accomplish the roofing repairs either as its employee with all appropriate authority to hire individuals to complete the job or as an independent contractor."

Texas Health and Safety Code Section 752.003(a) requires that any person "responsible for temporary work or a temporary activity or function closer to a high voltage overhead line than [six feet] must notify the operator of the line at least 48 hours before the work begins." TEX. HEALTH & SAFETY CODE ANN. § 752.003(a) (Vernon 2003). It is undisputed that no person notified TXU that any roofing work was planned. Both Wooldridge and TXU believed that, as an employee of Wayne's Roofing, Wooldridge was not a responsible party who should have notified TXU.

During a two week jury trial, both Wooldridge and TXU offered contradicting evidence that Johnny Calhoun was an employee of Wayne's Roofing and an independent contractor. Specifically, Wayne Calhoun testified that his son, Johnny, worked for him, and that, although the father owned all the equipment used at the job site, Johnny was the man in charge who directed the manner in which the work was done. Johnny Calhoun testified that he worked for his dad but received an Internal Revenue Service Form 1099. Wooldridge's expert witness testified that Wayne's Roofing was negligent by allowing its employees to work too close to a high voltage line and also that Johnny Calhoun had an absolute responsibility to the workers to provide a safe workplace and was the boss directing how the work was to be done. Wooldridge testified that he was hired by Johnny Calhoun and paid

in cash and by check by Johnny. However, an Internal Revenue Service Form 1099 attached to Wooldridge's 2002 individual tax return that his counsel introduced into evidence indicates that Wooldridge himself sometimes worked as an independent contractor for Wayne's Roofing and not as an employee of either father or son.

At the close of TXU's defense, Wooldridge moved for a directed verdict "in reference to a finding of whether Johnny Calhoun, who was an employee of Wayne's Roofing, would be at all responsible or proportionately responsible or a responsible defendant." The trial court denied the motion.

TXU submitted a proposed charge which included Johnny Calhoun among the persons to whom the jury could ascribe negligence. The parties agreed to an instruction that Health and Safety Code Section 752.003 did not apply to Wooldridge. However, three days after the trail court presented its original charge to the parties and fourteen days after the parties filed and exchanged proposed jury charges, right before closing arguments, Plaintiff's counsel requested instructions on the difference between an employee acting within the scope of his employment and an independent contractor, as well as jury questions asking if Johnny Calhoun was an employee of Wayne's Roofing, and, if so, was he working within the scope of his employment on the occasion in question. Wooldridge argued that if Johnny Calhoun was an employee, his actions should be attributed to his employer, Wayne's Roofing. Wooldridge, however, failed to submit alternative questions on proximate cause and percentage of negligence to be attributed to responsible parties depending on whether the jury found that Johnny Calhoun was employed by his father or was, instead, an independent contractor. The trial court refused to give the instruc-

tions and questions on the employment status of Johnny Calhoun and reasoned that the pleadings presented alternative theories for Johnny Calhoun's liability and that he could be liable either as a supervisor authorized by his employer or as an independent contractor.

As part of its verdict, the jury attributed responsibility for Wooldridge's injuries as follows:

| Jim Gribble | 40%; |
| Wooldridge | 35%; |
| Wayne's Roofing | 10%; |
| Johnny Calhoun | 10%; |
| Brazos River Authority | 3%; and |
| TXU | 2%. |

### Discussion

Texas Rule of Civil Procedure 278 requires the trial court to submit instructions and definitions to the jury as are necessary to enable the jury to render a verdict. See Tex.R. Civ. P. 278. We review a trial court's decision to submit or refuse a particular instruction under an abuse of discretion standard. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006); *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex.1998). The trial court has broad discretion in submitting jury questions so long as the questions submitted fairly place the disputed issues before the jury. *Rosell v. Central W. Motor Stages, Inc.*, 89 S.W.3d 643, 653 (Tex. App.-Dallas 2002, pet. denied).

When a trial court refuses to submit a requested instruction on an issue raised by the pleadings and evidence, the question on appeal is whether the requested instruction was reasonably necessary to enable the jury to render a proper verdict. *Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 912 (Tex.2000). The omission of an instruction is reversible error only if the omission probably caused the rendition of an improper judgment. Tex.R.App. P. 61.1(a); 44.1(a); *see Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 723 (Tex.2003). To determine wheth-

er an alleged error in the jury charge is reversible, we must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety to determine if the trial court abused its discretion. *Bed, Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex.2006). Here, Wooldridge argues the trial court's refusal to include an instruction on the applicability of Section 752 of the Texas Health and Safety Code to Johnny Calhoun based on his employment status resulted in the rendition of an improper judgment.

After reviewing the entire charge, the pleadings and the evidence produced at trial, we cannot conclude the way in which the trial court submitted the charge was in error or harmful. The pleadings raised alternative theories of liability and evidence produced by Wooldridge and TXU supported the jury finding that Johnny Calhoun was a responsible party to whom a percentage of the negligence causing the injury could be attributed. The trial court did not abuse its discretion. Accordingly, we overrule Wooldridge's issue.

We affirm the trial court's judgment.