In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00028-CV**
_____

**IN RE COMMITMENT OF MICHAEL HAROLD MEYER**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-04-03519 CV**

**MEMORANDUM OPINION**

Michael Harold Meyer appeals following a jury trial that resulted in the trial court ordering that he be civilly committed as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). In his appeal, Meyer challenges the trial court's decision to admit his prior statement into evidence and the trial court's ruling denying his request to submit a jury instruction suggesting that civil commitments are limited to persons with a serious difficulty controlling their behavior.[1] Finding no reversible error, we affirm the judgment.

---

[1]Meyer's brief raised a third issue complaining that the trial court improperly granted the State's request to protect it from answering some of his discovery; he later advised our court that he had abandoned that issue in his appeal.

1

## The Statute

In an SVP case, the State is required to prove, beyond a reasonable doubt, that the defendant is a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). The factfinder may conclude that a person is a "sexually violent predator" subject to commitment if the person: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id*. § 841.003(a) (West Supp. 2013). A "[b]ehavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2) (West Supp. 2013).

## Admission of Evidence

Meyer complains that his prior statement should have been excluded from the evidence the trial court admitted during his trial. According to Meyer, the statement lacked any probative value and it was unfairly prejudicial. *See* Tex. R. Evid. 403. The record shows that Meyer wrote the statement as part of his sex offender treatment; in the statement, Myer admitted to having sexually assaulted several children over a period of years. The record further shows that during a deposition taken in pre-trial discovery, Meyer admitted writing the statement.

During trial, Meyer also admitted that the written portions of the statement were his. Finding the probative value of the statement outweighed its prejudicial nature, the trial court overruled Meyer's objection to the admission of the statement.

We review the admission of evidence under an abuse of discretion standard. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *In re Commitment of Salazar*, No. 09-07-345 CV, 2008 Tex. App. LEXIS 8856, at *5 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). We will reverse a judgment if an error by the trial court probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal. *See* Tex. R. App. P. 44.1(a)(1)-(2).

When relevant, prior statements of a party are not considered hearsay. *See* Tex. R. Evid. 801(e)(2)(A) (admission by party-opponent is not hearsay). However, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" Tex. R. Evid. 403. "Evidence is unfairly prejudicial when it has an undue tendency to suggest that a decision be made on an improper basis, commonly, but not necessarily, an emotional one." *In re Commitment of Anderson*, 392 S.W.3d 878, 882 (Tex. App.—Beaumont 2013, pet. denied) (citing *Vasquez v. State*, 67 S.W.3d 229, 240

3

(Tex. Crim. App. 2002)). Factors considered when applying Rule 403 "include the probative value of the evidence, the potential of the evidence to impress the jury in some irrational way, the time needed to develop the evidence, and the proponent's need for the evidence." *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991) (op. on reh'g)).

Meyer's statement, which detailed his sexual history, had probative value in a trial where one of the disputed issues the jury was required to resolve concerned whether Meyer was suffering from a behavioral abnormality. Dr. Self, the psychiatrist who testified at the State's request, testified that he reviewed and relied upon Meyer's statement in diagnosing Meyer with pedophilia and in forming his opinion that Meyer had a behavioral abnormality. *See In re Commitment of Bath*, No. 09-11-00559-CV, 2012 Tex. App. LEXIS 7586, at **8-9 (Tex. App.— Beaumont Sept. 6, 2012, no pet.) (mem. op.) (holding that the admission of a prior statement regarding Bath's sex offenses was not unfairly prejudicial because it provided probative value). Meyer's statement assisted the jury in weighing Dr. Self's testimony and his opinions. *See Anderson*, 392 S.W.3d at 882-83. We conclude that the statement detailing Meyer's sexual history was relevant to a central issue in the case. Because the prejudice Meyer identifies regarding his statement arises from the statement's probative value to an issue that was central to his case, the information in Meyer's statement was not unfairly prejudicial. Meyer

has failed to demonstrate that the prejudice from the statement is related to matters that were not relevant to the issues involved in his trial. *See Bath*, 2012 Tex. App. LEXIS 7586, at *8.

Given the probative value of Meyer's statement, the trial court reasonably concluded that its probative value outweighed any unfair prejudice that might be caused by admitting it into evidence. *See id.* at *9. We overrule issue two.

## Jury Instruction

Meyer also argues the trial court erred in denying his request to instruct the jury that "involuntary civil commitment under Chapter 841 of the Texas Health and Safety Code must be limited to those persons whose serious difficulty controlling their behavior is distinguishable from the dangerous but typical recidivist convicted in an ordinary criminal case." Meyer requested that his proposed instruction be included in the charge, but his request was denied. On appeal, Meyer asserts that the charge submitted to the jury did not adequately inform the jury of the State's burden to prove that he has a serious difficulty controlling his behavior.

Under Texas law, trial courts are to submit such instructions and definitions as shall be proper to enable the jury to render a verdict. Tex. R. Civ. P. 277. "The trial court has considerable discretion in determining the necessity and propriety of explanatory instructions and definitions." *In re Commitment of Brown*, No. 09-10-

00589-CV, 2012 Tex. App. LEXIS 8136, at \*19 (Tex. App.—Beaumont Sept. 27, 2012, pet. denied) (mem. op.); *see Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 911 (Tex. 2000). A trial court may refuse to give a requested instruction or definition that is not necessary to enable the jury to render a verdict, even if the proposed instruction or definition is a correct statement of the law. *Brown*, 2012 Tex. App. LEXIS 8136, at \*19. "Any error by the trial court in refusing a proposed instruction or definition is reversible only if it 'probably caused the rendition of an improper judgment[.]'" *Id.* (quoting Tex. R. App. P. 44.1(a)(1)).

When a case is governed by a statute, the jury charge should track the language of the statutory provision as closely as possible. *In re Commitment of Reed*, No. 09-11-00484-CV, 2012 Tex. App. LEXIS 2493, at \*\*6-7 (Tex. App.—Beaumont Mar. 29, 2012, no pet.) (mem. op.). The Texas Rules of Civil Procedure mandate the use of a broad-form question, when feasible. Tex. R. Civ. P. 277. The broad-form charge the trial court submitted tracks the language of the SVP statute and contains the applicable statutory definitions, including the statutory definition of behavioral abnormality. *See* Tex. Health & Safety Code Ann. § 841.002(2); *In re Commitment of Myers*, 350 S.W.3d 122, 129-30 (Tex. App.—Beaumont 2011, pet. denied); *In re Commitment of Taylor*, No. 09-10-00231-CV, 2010 Tex. App. LEXIS 9505, at \*\*7-8 (Tex. App.—Beaumont Dec. 2, 2010, no pet.).

We have addressed the issue Meyer has raised in previous cases; in those cases, we have consistently held that the trial court's refusal to submit a separate jury instruction like the one Meyer asked the trial court to submit on volitional control is not error. *See Brown*, 2012 Tex. App. LEXIS 8136, at **20-21; *In re Commitment of Almaguer*, 117 S.W.3d 500, 505-06 (Tex. App.—Beaumont 2003, pet. denied). In *Almaguer*, we concluded that a request for an instruction on volitional control like the one Meyer submitted "simply would have emphasized one aspect of this case already implicit in the broad-form question and statutory definitions." 117 S.W.3d at 506.

"A trial court does not err in refusing to submit an instruction on the law which is already encompassed in the instructions and question." *Id.* Because the trial court's charge adequately presented the issue of volitional control to the jury, we hold the trial court's refusal to submit Meyer's proposed instruction was not an abuse of discretion. We overrule issue three.

Having overruled all of Meyer's issues, we affirm the judgment rendered by the trial court.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 2, 2013
Opinion Delivered February 13, 2014
Before McKeithen, C.J., Kreger and Horton, JJ.

7