**Affirmed and Memorandum Opinion filed July 15, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00831-CV

_____

### ZHI JIE PAN, Appellant

### V.

### WEI LIU, HAITAO ZHUANG, AND YANAN YU, Appellees

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-38713**

## M E M O R A N D U M   O P I N I O N

In this case, we must decide (1) whether the trial court abused its discretion in refusing to instruct the jury as to whether two defendants were bona fide purchasers for value and (2) whether the trial court erred in disregarding the jury's finding that these two defendants converted the plaintiffs' personal property. We conclude that the trial court did not err in either ruling, and we affirm the trial court's judgment.

# I. FACTUAL AND PROCEDURAL BACKGROUND

In 2006 appellant/plaintiff Zhi Jie Pan purchased real property in Houston (hereinafter the "Property") for $273,000. The Property had a house on it, which Pan used as her home. In 2010, appellee/defendant Wei Liu defrauded Pan into signing a deed transferring title in the Property to Liu. Shortly thereafter, Liu sold the Property to appellee/defendant Haitao Zhuang and his wife appellee/defendant Yanan Yu (hereinafter, collectively "the Purchasers"). The Purchasers bought the Property from Liu for $130,000, and Liu signed a deed transferring title in the Property to the Purchasers. Liu also sold the furnishings in the house to the Purchasers for $4,000. Evidence at trial showed that the fair market value of the Property when bought by the Purchasers was $275,000.

Shortly after the closing of the sale to the Purchasers, Pan went to the house. She told the Purchasers that she was the owner of the home, but the Purchasers told her that they owned the home. Pan contacted the police, and an officer came and spoke with Pan and the Purchasers. The officer made a report stating that Pan said (1) she sold Liu the house, (2) Liu sold the house to the Purchasers for approximately half of what Liu agreed to pay Pan, (3) Liu has not paid Pan any of the purchase price yet, (4) Liu was paid in cash by the Purchasers, and (5) Pan can no longer contact Liu.

Pan sued both Liu and the Purchasers. Pan asserted various fraud claims against Liu. Pan brought a claim against the Purchasers for conversion of her personal property. Pan also asserted that the Purchasers were not good faith purchasers for value of the Property, and she sought judgment that the deed conveying title to the Property to the Purchasers is void and that Pan holds title to the Property. Liu did not answer and a default judgment was rendered against him for $275,000 in actual damages and $550,000 in exemplary damages.

2

Pan's claims against the Purchasers were tried to a jury. As pertinent to this appeal, in its verdict the jury found that the Purchasers converted Liu's personal property, that the fair market value of this property was $25,000, and that the Purchasers were bona fide purchasers for value of the Property.

The Purchasers moved the trial court to disregard the jury's liability and damage findings regarding the conversion claim against the Purchasers, arguing, among other things, that the evidence was legally insufficient to support the jury's finding that Pan demanded the return of the personal property. The trial court granted the Purchasers' motion to disregard and rendered judgment that Pan take nothing on her claims against the Purchasers and that the Purchasers have full legal title to the Property.

## II.   ISSUES AND ANALYSIS

On appeal, Pan presents two issues: (1) whether the trial court reversibly erred by submitting Question 4 without an instruction to the jury that "value" means something more than nominal consideration; and (2) whether the trial court erred in granting the Purchasers' motion to disregard the jury's findings regarding the conversion claim.

### A. Did the trial court reversibly err in overruling the plaintiff's objection to the question regarding bona-fide-purchaser-for-value status?

In Question 4, the jury was asked whether the Purchasers were bona fide purchasers for value of the Property. The trial court instructed the jury that a bona fide purchaser for value is one who acquires property in good faith, for value, and without notice of any prior third-party claim or interest. In the jury charge, the trial court did not define "value" or instruct the jury as to the meaning of this term. At the charge conference, the only complaint regarding Question 4 raised by Pan's counsel was that "there needs to be a charge on value stating that value has to be

3

— does not have to be exact value, but it must be more than nominal value for the property in regard to the definition of bona fide good faith [sic] purchaser for value." The trial court overruled this objection. Pan's counsel did not tender a proposed instruction to the trial court or request in writing that the trial court submit the instruction to the jury.

The Purchasers assert that Pan is complaining that the trial court failed to submit an instruction to the jury that "value" means something more than nominal consideration and that Pan failed to preserve error as to the failure to submit this instruction because Pan did not tender a proposed instruction to the trial court and request in writing that the trial court submit it to the jury. *See* Tex. R. Civ. P. 278 (stating that "[f]ailure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment"); *Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 602–04 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (holding that appellant failed to preserve error regarding trial court's failure to submit an instruction to jury because appellant failed to tender a proposed instruction to the trial court and request in writing that the trial court submit the instruction to the jury).

Pan asserts that she is not complaining of a failure to submit an instruction; instead, Pan says she is complaining of a defect in the trial court's instruction to the jury regarding the elements necessary for a person to be a bona fide purchaser for value. A party may preserve error as to complaints regarding alleged defects in an instruction that the trial court is submitting simply by properly objecting and obtaining a ruling at the charge conference. *See* Tex. R. Civ. P. 274 (stating that "[a] party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection" and that "[a]ny complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading,

4

is waived unless specifically included in the objections"). *See also Spencer v. Eagle Star Ins. Co.*, 876 S.W.2d 154, 157 (Tex. 1994) (holding that party preserved error as to defect in question by obtaining ruling on its objection under Texas Rule of Civil Procedure 274). We presume for the sake of argument that Pan's complaint is an objection under Texas Rule of Civil Procedure 274 to an alleged defect in a question or instruction and that therefore Pan preserved error by obtaining a ruling on her objection.[1]

In her first issue, Pan asserts that the trial court reversibly erred in failing to instruct the jury that "value" in Question 4 means something more than nominal consideration. The trial court has considerable discretion to determine necessary and proper jury instructions. *See Texas Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 911 (Tex. 2000). For an instruction to be proper, it must (1) assist the jury, (2) accurately state the law; and (3) find support in the pleadings and the evidence. *See id*. at 912. We review the trial court's overruling of Pan's objection to Question 4 for an abuse of discretion. *See id*. at 911.

Pan cites no cases holding that a trial court must instruct a jury determining whether a party is a good faith purchaser for value that "value" means more than nominal consideration. "Nominal consideration" means a trifling consideration, such as one dollar or ten dollars.[2] *See* Black's Law Dictionary 1075 (8th ed. 2004) (defining "nominal" in regards to a price or amount as "trifling"); *MBM Financial*

---

[1] In parts of her appellate briefing, Pan appears to argue that the trial court erred by failing to instruct the jury that "value" in Question 4 means something more than "grossly inadequate consideration." To the extent she does so, this argument does not provide a basis for reversing the trial court's judgment because Pan did not preserve error in the trial court as to this argument. *See Green Intern., Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997). Pan did not timely object or request in writing the submission of a tendered, proposed instruction in this regard.

[2] Likewise, "nominal value" means a trifling value, such as one dollar or ten dollars. *See* Black's Law Dictionary 1075 (8th ed. 2004); *MBM Financial Corp.*, 292 S.W.3d at 665–66.

*Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 665–66 (Tex. 2009) (approving a definition of "nominal damages" as "a trifling sum," stating that "nominal damages" are usually one dollar, though some cases have held they may be ten or one hundred dollars, and holding that $1,000 is too high to be nominal damages). It is undisputed that the Purchasers paid $130,000 for the Property. As a matter of law, this sum is more than nominal.[3] *See* Black's Law Dictionary 1075; *MBM Financial Corp.*, 292 S.W.3d at 665–66. There was no evidence at trial that the Purchasers gave nominal consideration or less than nominal consideration for the Property.[4] The trial court did not abuse its discretion by declining to instruct the jury that "value" in Question 4 means something more than nominal consideration.[5] *See Mandlbauer*, 34 S.W.3d at 911–12. Accordingly,

---

[3] Pan argues in her reply brief that $130,000 is nominal consideration, but Pan cites no cases in support of this proposition, and research has not revealed any that support it. Pan also asserts that, without a definition or instruction regarding the meaning of "value," the jury had no way of weighing the evidence that the Purchasers paid less than 50% of the Property's fair market value. But, the jury could have weighed this evidence in determining whether the Purchasers acquired the Property in good faith and without notice of any prior third-party claim or interest. In any event, even if the jury had been instructed that "value" means something more than nominal consideration, $130,000 would be more than nominal consideration as a matter of law.

[4] Pan also suggests that "nominal consideration" has the same meaning as "grossly inadequate consideration." We disagree. For property having more than a trifling value, nominal consideration might often be grossly inadequate consideration, but these two terms have distinct meanings. Pan's objection that the trial court failed to instruct the jury that "value" means something more than nominal consideration is not the same as an objection that the trial court failed to instruct the jury that "value" means something more than grossly inadequate consideration. Pan cites *Neeley v. Intercity Management Corp.*; but, the *Neely* court does not state that "nominal consideration" has the same meaning as "grossly inadequate consideration." *See* 623 S.W.2d 942, 952 (Tex. App.—Houston [1st Dist.] 1981, no writ).

[5] Even if the trial court had abused its discretion in overruling Pan's objection, any error did not probably cause the rendition of an improper judgment and thus would be harmless. *See* Tex. R. App. P. 44.1(a). Pan asserts that the jury's question during deliberation shows harmful error. The jury simply asked what the definition of "value" was and the trial court told the jury to follow the charge. This jury question does not indicate that, if the jury had been instructed as requested by Pan, the jury probably would not have answered "yes" to Question 4.

we overrule Pan's first issue.[6]

## B. Did the trial court err in disregarding the jury's liability finding regarding the conversion claim?

In her second issue, Pan asserts that the trial court erred in granting the Purchasers' motion to disregard the jury's findings regarding the conversion claim. A trial court may grant a motion to disregard a jury finding if the evidence is legally insufficient to support the finding. Tex. R. Civ. P. 301. *See Fort Bend County Drainage Dist v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991). When determining the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex. 2005). We must credit favorable evidence if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* Jurors are the sole judges of witness credibility and the weight to give to testimony. *See id.* at 819.

To find conversion under the jury charge, the jury had to find that Pan demanded return of the personal property that the Purchasers allegedly converted.[7]

---

[6] Pan cites *Neeley v. Intercity Management Corp.*, in which the court of appeals held that the trial court did not err in instructing the jury that "valuable consideration" as used in a good-faith-purchaser-for-value special issue, meant "something more than nominal consideration and must be a consideration bearing some relation to the value of the property. . . ." 623 S.W.2d 942, 952 (Tex. App.—Houston [1st Dist.] 1981, no writ). The instruction given in *Neeley* is materially different from the instruction that Pan requested the trial court to give in this case. The *Neeley* case is not on point.

[7] The jury was asked whether the Purchasers converted Pan's personal property and instructed that "convert" means "the wrongful exercise of dominion and control over another's property in denial of or inconsistent with their rights despite demand for its return." The trial court further instructed the jury regarding conversion, but this additional instruction did not change the prior instruction that a demand for the return of the property allegedly converted is required for there to be a conversion.

No party objected to the presence of this requirement in the jury charge. In their motion to disregard, the Purchasers asserted that the trial evidence was legally insufficient to support the jury's finding that Pan demanded return of the personal property that the Purchasers allegedly converted. This court measures the sufficiency of the evidence using the charge given. *See Osterberg v Peca*, 12 S.W.3d 31, 55 (Tex. 2000); *Hirschfield Steel Co. v. Kellogg Brown & Root, Inc.*, 201 S.W.3d 272, 283–86 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

On appeal, Pan argues that she did not need to demand return of the property if the Purchasers manifested a clear repudiation of her rights or if such a demand would have been useless or if Liu had no authority to sell the personal property. Presuming for the sake of argument that these legal propositions are correct, they were not submitted in the charge, so this court does not use them to measure the sufficiency of the evidence. *See Osterberg*, 12 S.W.3d at 55; *Energy Maintenance Services Group I, LLC v. Sandt*, 401 S.W.3d 204, 219 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Under the charge, the jury had to find that Pan demanded return of the personal property for the Purchasers to have converted the property.

Pan asserts that there is sufficient evidence that she demanded return of her personal property based on the following evidence: (1) Pan told the Purchasers that she owned the home; (2) Pan called the police in the Purchasers' presence and made a report; (3) Yu's testimony that all of the furniture that was in the home when she first toured it was still there after the Purchasers bought the home and moved in; (4) Pan's testimony that the drawers of her furniture had been opened when she returned to her house to investigate the situation; (5) Pan's testimony that she noticed her expensive jewelry was missing and that her car had been moved. Under the legal-sufficiency standard of review, this evidence would not enable reasonable and fair-minded people to find that Pan demanded return of the personal property. Telling the Purchasers that Pan owned the home or calling the

8

police does not mean that Pan demanded that the personal property in the home be returned to her. There were was no evidence at trial that Pan mentioned her personal property when she called the police or when she made the statements reflected in the police report. The police report was admitted into evidence, and it does not mention personal property. In the police report, the officer states that Pan said she sold the Property to Liu and that Liu had not paid the purchase price.

Yu testified that Yu was asked if she would like to return the clothes to Pan and that the Purchasers asked Pan to pick up her clothes, but that Pan refused to do so. Yu also testified that Pan did not demand return of the furniture and appliances. Even if the jury discredited Yu's testimony, no witness testified that Pan demanded return of the personal property. The trial evidence does not contain any document that Pan or her lawyer sent to the Purchasers in which Pan demanded return of the personal property, and no exhibit reflects that Pan made such a demand.

Under the applicable standard of review, we conclude that the evidence is legally insufficient to support the jury's finding that Pan demanded return of the personal property. *See City of Keller*, 168 S.W.3d at 823, 827. Therefore, the trial court did not err in granting the Purchasers' motion to disregard the jury's conversion findings. *See* Tex. R. Civ. P. 301; *Fort Bend County Drainage Dist.*, 818 S.W.2d at 394. Accordingly, we overrule Pan's second issue.

### III. CONCLUSION

The trial court did not abuse its discretion by declining to instruct the jury that "value" means something more than nominal consideration. Because the evidence is legally insufficient to support the jury's finding that Pan demanded return of the personal property that the Purchasers allegedly converted, the trial court did not err in granting the Purchasers' motion to disregard the jury's

9

conversion findings.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison.