Arpenik TER–VARTANYAN, Appellant,

v.

R & R FREIGHT, INC. and Willie
James Coleman, Appellees.

No. 05–02–01267–CV.

Court of Appeals of Texas,
Dallas.

June 27, 2003.

Rehearing Overruled Aug. 18, 2003.

Zeblin G. Pearson, Attorney At Law, Dallas, for Appellant.

David L. Sargent and Lisa Cherry Pittard, Hermes Sargent Bates, LLP; Thad D. Spalding, Dallas, for Appellee.

Before Justices O'NEILL, BRIDGES, and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

Appellant Arpenik Ter–Vartanyan appeals from a take-nothing judgment on her personal injury claim against appellees R & R Freight, Inc. and Willie James Coleman. In three issues, Ter–Vartanyan argues the trial court erroneously admitted the expert testimony and report of Officer Jose Cerda. For the reasons discussed below, we affirm the judgment of the trial court.

### BACKGROUND

Ter–Vartanyan was injured when the van she was driving collided with an eighteen-wheeler driven by Coleman, who was then working for R & R Freight, Inc. Each driver blamed the other: Ter–Vartanyan

testified Coleman turned in front of her when she was close enough to him that she could not avoid the accident; Coleman said he turned at a time when Ter–Vartanyan should have been able to stop or change lanes to avoid hitting his truck.

Each party called an expert witness to testify to its own version of the cause of the accident. The defendants also called the police officer who investigated the accident, Officer Cerda.[1] Cerda testified the accident was caused by Ter–Vartanyan's inattention. The jury found Ter–Vartanyan responsible for the accident, and the trial court entered a take-nothing judgment against her. The court subsequently denied Ter–Vartanyan's motion for new trial, and she appealed.

### STANDARD OF REVIEW

We review evidentiary rulings, including rulings on expert testimony, for an abuse of discretion. *See E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995). The trial court abuses its discretion only if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### ADMISSIBILITY OF EXPERT TESTIMONY

Ter–Vartanyan's first issue challenges the admissibility of the expert testimony of Officer Cerda. The challenge encompasses three grounds: whether Cerda was qualified to give the testimony he offered, whether his opinions were reliable, and whether his opinions were an aid to the jury.

### *Qualifications*

The facts concerning Cerda's qualifications are not contested. At the time of trial, Cerda had been a Dallas police officer for eight years. His training at the police academy included training in investigating accidents. After this initial training, Cerda had additional in-service training concerning accident investigations, and was certified by the department as an accident investigator. He estimated he has investigated hundreds of motor vehicle accidents. We conclude Cerda's qualifications were sufficient to give an expert opinion concerning the cause of this accident. *See, e.g., Sciarrilla v. Osborne*, 946 S.W.2d 919, 920–21 (Tex.App.-Beaumont 1997, pet. denied).

Ter–Vartanyan actually concedes that Cerda may have been qualified to give opinions about *some* causes of accidents, but she argues he was not qualified as an expert in driver inattention. She relies upon *Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 499 (Tex.2001), for the proposition that a testifying expert must "truly have expertise concerning the actual subject about which they are offering an opinion." According to Ter–Vartanyan, the "actual subject" about which Cerda required expertise was driver inattention. We disagree. Cerda was proffered as an expert in accident investigation, and he opined concerning the cause of the motor vehicle accident in this case. Accordingly, Cerda needed to be qualified concerning the investigation and determination of causation in such accidents. He was qualified on that basis. Ter–Vartanyan's attempt to identify the area of expertise as driver inattention—which was actually the *result* of Cerda's investigation—is not persuasive.

*Helena Chemical* is instructive here, although not in the fashion urged by Ter–Vartanyan. *Helena Chemical* involved sorghum seed. The Wilkinses purchased

---

1. Ter–Vartanyan attempted prior to trial to have Cerda's testimony excluded, but she was unsuccessful; we have no transcript of that hearing in our record.

the seed from Helena Chemical based on representations that the seed was suitable for drylands like the Wilkinses' land. The plants grown from the seed performed poorly and were susceptible to charcoal rot. *Id.* at 491. The appellant argued Helena Chemical's expert was not qualified as an expert on charcoal rot, but the supreme court asserted that the appellant mis-framed the issue. The qualification issue was not the narrow one of whether the defendant's expert was qualified to testify about charcoal rot. Instead, the issue was the broader one of the suitability of the seeds. The court concluded the expert's testimony was properly admitted. *Id.* at 500. In this case, Cerda was not brought into court to help the jurors understand driver inattention; he was brought to help them understand how his investigation led him to an opinion about the cause of the accident.

We conclude the trial court correctly found Cerda qualified to give his opinion concerning the cause of this traffic accident.

### Reliability

■ Ter–Vartanyan also challenges Cerda's opinions on reliability grounds. All expert testimony must be based on a reliable foundation to be admissible. *Robinson,* 923 S.W.2d at 556; *see also Gammill v. Jack Williams Chevrolet, Inc.,* 972 S.W.2d 713, 726 (Tex.1998) ("All expert testimony should be shown to be reliable before it is admitted.") The considerations used to assess the reliability of expert testimony will vary with the nature of the testimony. *See Gammill,* 972 S.W.2d at 726. The witness's experience may provide a sufficient basis for his testimony. *Id.* "The court in discharging its duty as gatekeeper must determine how the reliability of particular testimony is to be as-

sessed." *Id.* In any event, gatekeeping requires a determination that "there is not too great an analytical gap between the data and the opinion proffered." *Id.*

■ Here, Ter–Vartanyan's argument states Cerda's opinion is not reliable because:

he did virtually nothing to investigate the collision; he did not interview the most important witnesses to the collision; he did not eliminate the other plausible causes of the collision with reasonable certainty; and his opinion rests primarily on the ambiguous statement of one witness who did not testify at trial.

Ter–Vartanyan states Cerda's opinion is based on "virtually no data"; we cannot agree. Our review of the record indicates Cerda went to the scene of the accident when the vehicles were still situated on the road where the collision took place. He looked at the scene and took account of the weather circumstances, the location of the vehicles, the damage to the vehicles, the posted speed limit, and "the lay of the land." He took into account the traffic signals and the grade of the road in the area. He observed the physical evidence on the roadway, including the skid marks. And he interviewed appellee Coleman, the driver of the truck involved in the accident, and a Mr. Leggett, the only other witness still at the scene when Cerda arrived.[2] Cerda gathered all the information later memorialized in his report. All of the evidence indicates Cerda followed reasonable police procedures in investigating the accident. Most importantly, we see no analytical gap between the data he collected in his investigation and the opinions he proffered. *See id.*

■ Ter–Vartanyan stresses the things Cerda did not do in his investigation. But

---

**2.** Cerda noted in his report that Leggett told     him Ter–Vartanyan was "going awfully fast."

we conclude those factors go to the weight the jury was to give Cerda's opinions, not to the opinions' admissibility. For example, the record establishes Cerda could not interview Ter–Vartanyan at length because she was in an ambulance ready to be transported to the hospital. Likewise, witness Marcus Wilkes—who was in the car immediately behind Ter–Vartanyan's vehicle—left the scene before Cerda could speak to him. However, both of these witnesses gave testimony to the jury.[3] Having heard their versions of the accident, and having heard the vigorous cross-examination of Cerda by counsel for Ter–Vartanyan, the jury was capable of giving the appropriate weight to Cerda's opinion.

■ Ter–Vartanyan also charges that Cerda's testimony is unreliable because—as a matter of police procedure—Cerda is required to identify a cause of the accident "even if he does not know or is not sure of the cause." Ter–Vartanyan implies that an officer who had no opinion of the cause of an accident would nonetheless be pressured by this requirement to state an opinion on his report. However, there is no evidence in the record indicating Cerda had no opinion as to causation. On the contrary, he testified a number of times that he did form an opinion, and he explained the bases for that opinion. The reliability of Cerda's testimony was not undermined by the police procedure requiring him to assign a cause to the accident in his report.

We conclude the trial court correctly found Officer Cerda's expert testimony was sufficiently reliable to be admissible.

### Aid to the Jury

Finally, Ter–Vartanyan challenges Cerda's testimony on the ground that it "in-

volved a matter of common knowledge." The rules of evidence allow expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." TEX.R. EVID. 702. Once again, Ter–Vartanyan attempts to focus our inquiry on the issue of driver inattention rather than accident causation. Simply put, Ter–Vartanyan argues that Cerda's testimony should have been excluded because the jury did not need assistance on the issue of driver inattention. But, as has been discussed, Cerda's testimony was not offered to assist the jury in understanding driver inattention; it was offered to assist the jury in understanding the cause of the accident. Ter–Vartanyan does not challenge the admissibility of expert testimony on the subject of causation. Both parties engaged and called experts to testify as to causation in this case; that was appropriate. For the same reasons, it was appropriate to hear Officer Cerda's opinions on the cause of the accident. We conclude the trial court did not err in deciding Cerda's testimony would help the jurors to understand the evidence and determine the cause of the accident, which was a critical fact in issue.

Having rejected each of Ter–Vartanyan's arguments, we conclude that the trial court did not abuse its discretion in admitting expert testimony from Officer Cerda. We resolve Ter–Vartanyan's first issue against her.

### ADMISSIBILITY OF EXPERT REPORT

■ Ter–Vartanyan's second issue challenges the admissibility of Officer Cerda's report. Initially, she argues the report was inadmissible for the very same

---

3. Wilkes testified if he had been in Ter–Vartanyan's position, he probably would have hit the truck as well.

reasons his testimony was inadmissible, specifically on rule 702 grounds.[4] We have determined the grounds argued under Ter–Vartanyan's first issue concerning the officer's testimony were not well-taken. They are no more persuasive when applied to the officer's report.

Ter–Vartanyan also challenges the admissibility of the report on hearsay grounds. She acknowledges that police reports can be admissible under the public records exception to the hearsay rule. But she argues here that Cerda's report fails to meet the trustworthiness standard set forth by the public records exception. *See* TEX.R. EVID. 803(8) (providing exception for reports "unless the sources of information or other circumstances indicate lack of trustworthiness"). Ter–Vartanyan's argument here adds nothing to her earlier ones; she states:

> In this case, Officer Cerda's opinion is not trustworthy because, as explained under ISSUE NO. ONE above, he was not qualified as an expert regarding the opinion, his opinion is not reliable, and his opinion involves a matter within the common knowledge of jurors.

We conclude Ter–Vartanyan's second issue is based on the very same arguments as her first issue. Accordingly, we find no abuse of discretion in the admission of Officer Cerda's report, and we resolve Ter–Vartanyan's second issue against her as well.

### MOTION FOR NEW TRIAL

Ter–Vartanyan's third issue asserts that the trial court erroneously overruled her motion for new trial. However, Ter–Vartanyan's argument here is really an attempt to establish that she was harmed by the admission of Officer Cerda's testimony and report. She argues that the testimony probably caused rendition of an improper judgment because (1) it was expert testimony, which can have an extremely prejudicial impact on a jury, (2) he was a police officer, a fact that can carry extra weight with a jury, and (3) he was a disinterested witness, which is especially important in a close case like this one. We do not disagree that testimony from an expert, especially one who is a disinterested police officer, could have a strong impact on a jury. However, we have already determined that there was no error in allowing Officer Cerda to give his opinions concerning the cause of the accident at issue. If there was no error, this analysis of potential harm is of no import.

We resolve Ter–Vartanyan's third issue against her.

### CONCLUSION

We affirm the judgment of the trial court.

---

4. Ter–Vartanyan states, "As clearly shown under ISSUE NO. ONE above, Officer Cerda's opinion that Ms. Ter–Vartanyan's 'driver inattention' caused the collision was not admissible under Rule 702 ..." (Citations omitted)