

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00022-CV

**JAMES DEWBRE,**

                                                            **Appellant**

 **v.**

**ANHEUSER-BUSCH, INC.,**

                                                            **Appellee**

**From the 220th District Court**
**Hamilton County, Texas**
**Trial Court No. CV50372**

## MEMORANDUM  OPINION

James Dewbre was transporting beer for Anheuser-Busch, Inc.[1] when the load

shifted and his truck rolled over.  Dewbre sued Anheuser-Busch, alleging that the

trailer was improperly loaded.  The trial court granted Anheuser-Busch's no-evidence

motion for summary judgment.  In a single point, Dewbre appeals the granting of this

motion, arguing that the evidence raises a genuine issue of material fact as to whether

---

[1]        Dewbre is not an employee of Anheuser-Busch, Inc.

the accident was proximately caused by Anheuser-Busch's negligence in loading the trailer. We reverse and remand.

## STANDARD OF REVIEW

We review a no-evidence summary judgment under the same standard of review as a directed verdict. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* at 582. A no-evidence summary judgment will be defeated if the non-movant produces some evidence "raising an issue of material fact" on the elements challenged by the movant. *Id.*

## NO-EVIDENCE SUMMARY JUDGMENT

Dewbre contends that he provided expert testimony, via the deposition testimony of both himself and DPS Trooper Steven Schwartz, sufficient to raise a genuine issue of material fact and survive summary judgment. Anheuser-Busch argues that Dewbre failed to: (1) properly designate experts; and (2) designate an expert who is qualified to testify to whether Anheuser-Busch was negligent in loading the trailer or that such negligence caused the roll-over.[2] Anheuser-Busch raised the improper designation argument in both its no-evidence motion and a separate motion to strike, but did not obtain a specific ruling on the issue. Accordingly, the issue is not preserved

---

[2] To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach. *Kroger Co. v. Elwood,* 197 S.W.3d 793, 794 (Tex. 2006).

for our review. *See Page v. State Farm Lloyds*, 259 S.W.3d 257, 265-66 (Tex. App.—Waco 2008, pet. filed). We may only consider whether Schwartz and Debrew were qualified as experts. *Id*. at 266.

Because the parties do not dispute that expert testimony is required, we will assume without deciding that Dewbre was required to present expert testimony to establish whether Anheuser-Busch was negligent. *See Tamez*, 206 S.W.3d at 583 ("Proof other than expert testimony will constitute some evidence of causation only when a layperson's general experience and common understanding would enable the layperson to determine from the evidence, with reasonable probability, the causal relationship between the event and the condition. Expert testimony is required when an issue involves matters beyond jurors' common understanding.").

## Dewbre's Deposition Testimony

Dewbre testified that he has a commercial driver's license, has driven commercial vehicles for about twenty years, and previously owned his own trucking company. He has both classroom and on-the-job training regarding accepting, securing, and driving loads. He has no formal training on weight distribution or requirements.

Dewbre hauled numerous loads for Anheuser-Busch in the two and a half years preceding the accident. He is familiar with Anheuser-Busch's load configurations. Most loads are a "double 11" configuration: "[e]leven pallets from where it starts to the end would be 22 pallets." He has had one "double 11" load shift, causing a pallet to fall over. Depending on the type of load, the manner of driving may need to be modified.

In the past, cargo was "live-loaded"; drivers actually helped load the cargo and gave instructions. Dewbre has supervised approximately twenty loads. He typically loads the pallets "[s]ide to side with void fillers," a "piece of cardboard that unfolds and [] makes a mesh" to "hold[] the pallets in place so they can't leap, they can't move." Most cargo is now pre-loaded. Dewbre secures the load to the "best of [his] ability." This includes installing load locks, which "go[] against the sides and you jack it up, and it has got pads on each end of it, keep it from slipping."

At some point, Anheuser-Busch stopped using void fillers and began stacking pallets seven or eight layers high, causing them to fall or turn over. On the day of the accident, Dewbre did not inspect the load. However, he was certain that there were no void fillers because they are always listed on the bill of lading, but were not listed on the day of the accident. He observed that the load was shrink-wrapped and the pallets were stacked about seven feet high. He installed load locks.

At some point during transport, the truck left the lane of traffic and crossed onto the shoulder. When Dewbre attempted to correct, the "beer hit the side of the trailer so hard that it slapped the truck down," like "being at the end of a bullwhip." He testified that he has "pulled enough loads, [to] know when something is moving or something is -- something is moving around, and it definitely got all shifted up against the side."

Dewbre opined that the lack of void fillers caused the pallets to shift to the side, which caused the roll-over. Void fillers would have prevented both the shifting and the roll-over. Because the truck contained thirty feet of "open space," Dewbre believed that Anheuser-Busch should have "set the load down" instead of stacking the pallets so

high. He concluded that Anheuser-Busch negligently loaded the beer by failing to use void fillers and by stacking the pallets too high.

### Trooper Schwartz's Deposition Testimony

Schwartz testified that he has been a trooper for over five years and has completed Level 2 accident reconstruction training. He is not trained on loading a tractor-trailer, does not have a commercial driver's license, has never driven a commercial vehicle, is not familiar with the standards for loading commercial vehicles, and does not know about void fillers. Although he did not actually load the trucks, Schwartz grew up working at a grocery store unloading trailers and is familiar with "how loads can shift and how they are normally loaded." He further testified that he has "practical hands-on knowledge" about the affects of a shifting load. He testified that cattle must be "blocked correctly" or "can cause the trailer to jerk or the whole thing to jerk because you got too much weight on the back end, not enough weight on the tongue." As for flat-beds, "if you put too much weight on the one side [] the trailer will whip." He testified that either a load shift or road conditions can cause a roll-over. He has seen four accidents, two of which he investigated, where a tractor-trailer rig tipped over because of a load shift.

At the scene of Dewbre's accident, Schwartz observed several pallets of beer lying on the side of the trailer. Some beer had fallen out of the truck when the door was opened. He believed that this occurred because the beer had shifted. He could not tell whether the pallets had been secured and the condition of the cargo made it difficult to assess how it had been loaded. Schwartz opined that the truck "drifted off the roadway

and then attempted to correct itself," but rolled over because of a "steep incline in the bar ditch and a shift in its load." He gave no opinion as to what caused the truck to drift off the roadway. Nor could he provide an opinion as to whether the cargo was either properly or improperly loaded.

## Analysis

An expert must be qualified and his opinion must be relevant and have a reliable foundation. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 499 (Tex. 2001). An expert is qualified "by knowledge, skill, experience, training, or education." TEX. R. EVID. 702 Nonscientific expert testimony may be considered unreliable if "'there is simply too great an analytical gap between the data and the opinion proffered.'" *Kerr-McGee Corp. v. Helton*, 133 S.W.3d 245, 254 (Tex. 2004) (quoting *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 726 (Tex. 1998) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 519, 139 L. Ed. 2d 508 (1997))).

There can be no doubt that Schwartz was qualified to give an opinion that the shifting load caused the truck to roll-over. *See Lingafelter v. Shupe*, No. 10-03-00113-CV, 2004 Tex. App. LEXIS 10355, at *13-14 (Tex. App.—Waco Nov. 17, 2004) (mem. op), *rev'd on other grounds*, 192 S.W.3d 577 (Tex. 2006) ("The opinion of an investigating officer with level two reconstruction training is admissible"); *see also Ter-Vartanyan v. R&R Freight, Inc.*, 111 S.W.3d 779, 781-82 (Tex. App.—Dallas 2003, pet. denied) (finding officer with training in accident investigation qualified to provide an expert opinion as to the cause of a traffic accident). However, he could not give an opinion as to whether

the load shifted because the cargo was improperly loaded. In fact, he could not even tell how the cargo had been loaded. His testimony is no evidence of negligence.

Dewbre, however, possesses sufficient knowledge, skill, and experience to qualify as an expert in this case. *See* TEX. R. EVID. 702. He has supervised the loading of commercial vehicles and is apparently familiar with the standards for doing so. He observed the load on the day of the accident. Based on his experience, he believed that the pallets were stacked too high and were not supported by void fillers. He testified that the purpose of void fillers is to prevent the load from shifting. He felt the load hit the side of the truck and then felt the truck begin to roll over. He clearly explained the basis of his conclusion that Anheuser-Busch negligently loaded the cargo: stacking the pallets too high and failing to use void fillers. *See Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999) ("An expert's simple *ipse dixit* is insufficient to establish a matter; rather, the expert must explain the basis of his statements to link his conclusions to the facts."). He also explained what he would have done differently. His testimony is sufficiently reliable because there does not appear to be any significant "analytical gap" between his opinions and the bases for those opinions. *See Kerr-McGee*, 133 S.W.3d at 254.

We, therefore, conclude that Dewbre's testimony was sufficient to raise a genuine issue of material fact as to whether the accident was proximately caused by Anheuser-Busch's negligence in loading the trailer. The trial court improperly granted Anheuser-Busch's no-evidence motion for summary judgment. We sustain Dewbre's sole issue. The trial court's judgment is reversed and this cause is remanded for further proceedings consistent with this opinion.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray concurs only in the judgment. A separate opinion will not issue.)
Reversed and remanded
Opinion delivered and filed November 26, 2008
[CV06]