Opinion issued May 28, 2009









                    












In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00340-CV




VONDA GRIFFIN, Appellant

V.

DORANITA CARSON, Appellee




On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 844148




MEMORANDUM OPINION

          After an automobile collision, appellant, Vonda Griffin, sued appellee,
Doranita Carson, for negligence, seeking $95,000 in damages. A jury attributed 90
percent of the liability to Carson and 10 percent of the liability to Griffin. The jury
awarded damages to Griffin of $12,875.08 for medical expenses, $1,500 for pain and
suffering, and zero damages for physical impairment and lost earnings.


 Griffin
moved for judgment notwithstanding the verdict (“JNOV”), challenging the amount
of the damages awarded. The trial court denied Griffin’s motion and rendered
judgment on the verdict. 
          On appeal, Griffin presents five issues. In her first through third issues, Griffin
contends that the amount of damages awarded is “against the great weight and
preponderance of the evidence.” In her fourth issue, Griffin contends that the trial
court erred by determining that “good cause’ exist[ed] not to include appellant’s
taxable costs incurred in the prosecution of her suit.” In her fifth issue, Griffin
contends that the trial court erred by excluding certain evidence.
          We affirm.
BackgroundOn November 11, 2003, Carson and Griffin were in an automobile collision at
the intersection of Georgia and West X in Deer Park, Texas. Georgia is a four-lane
road with a posted speed limit of 40 miles-per-hour. Carson, who was traveling west
on West X, stopped at a stop sign and then attempted to make a left turn onto a
southbound lane of Georgia. While attempting to cross over Georgia’s northbound
lanes, Carson pulled out in front of Griffin, who was traveling northbound. Griffin
was unable to stop, and she collided with Carson. 
          Carson was not injured, her air bags did not deploy, and she drove her car home
from the accident. Griffin was transported by ambulance to the hospital, examined
for chest and abdominal pain, and then discharged later that day. For a few days after
the accident, Griffin stayed with her friend, Phyllis Smith. According to Smith,
Griffin “was in a lot of pain” and had a “huge hematoma” on her chest. Smith went
to the pharmacy and filled pain prescriptions for Griffin.
          For a period of four months after the accident, Griffin was unable to work. 
Griffin is self-employed as the proprietor of Griffin Dental Laboratory. According
to Griffin, she was unable to engage in her work of making dentures because of
numbness in her right thumb. Griffin lost some of her clients, others held their orders
until Griffin returned, and Smith assisted Griffin with filling some of the orders.
          Griffin sued Carson for negligence, alleging $95,000 in damages for medical
expenses, pain and suffering, mental anguish, physical impairment, disfigurement,
damage to earning capacity, lost wages, and damage to her truck. 
 
          On March 18, 2008, the case was tried to a jury. At trial, Carson conceded that
she was responsible for the collision. The jury found Carson 90 percent liable and
Griffin 10 percent liable. The jury awarded $12,875.08 for medical expenses, $1,500
for pain and suffering, and zero damages for physical impairment and lost earnings. 
The total award of $14,375.08 was reduced by Griffin’s 10 percent liability, resulting
in an award to Griffin of $12,937.57, plus interest and costs. Griffin moved for
JNOV, contending that the amount of damages awarded was “against the
overwhelming weight and preponderance of the evidence.” The trial court entered
judgment on the verdict. Griffin did not file a motion for new trial.
Factual Sufficiency
          In her first through third issues, Griffin contends that the amount of damages
awarded is “against the great weight and preponderance of the evidence.” 
Specifically, Griffin contends that (1) “the jury’s awarding less than the
uncontroverted medical expenses is against the great weight and preponderance of the
evidence”; (2) “the jury’s finding of no damages for physical impairment in the past
is against the great weight and preponderance of the evidence”; and (3) “the jury’s
finding of no damages for lost earnings in the past is against the great weight and
preponderance of the evidence.” These issues were not preserved for our review.
 
          Rule of Civil Procedure 324(b) provides the following, in relevant part: 
A point in a motion for new trial is a prerequisite to the following
complaints on appeal:
          . . . .
          (2)     A complaint of factual insufficiency of the evidence to support a
jury finding;
          (3)     A complaint that a jury finding is against the great weight and
preponderance of the evidence;
          (4)     A complaint of inadequacy . . . of the damages found by the jury;
. . . . 
Tex. R. Civ. P. 324(b).

          Here, Griffin expressly challenges the factual sufficiency of the evidence. See
id. at 324(b)(2). In addition, Griffin complains that the jury’s findings are “against
the great weight and preponderance of the evidence.” See id. at 324(b)(3). A “great
weight” challenge to a jury finding presents an issue of factual sufficiency. Kratz v.
Exxon Corp., 890 S.W.2d 899, 901–02 (Tex. App.—El Paso, 1994, no writ); see Tex.
R. Civ. P. 324(b)(2). Further, Griffin complains of inadequacy of the damages found
by the jury. See id. at 324(b)(4).

          In liberally construing the briefs, as we must, we look not only to the wording
of the issues, but to the argument presented under each point. Pool v. Ford Motor
Co., 715 S.W.2d 629, 632 (Tex. 1986). Here, Griffin specifically and solely argues
under each of her first three issues that the evidence is “factually insufficient” to
support the jury’s damages finding based on the standard articulated in Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986) (discussing factual sufficiency of evidence), and
cases addressing factual sufficiency challenges. Hence, the complained of error is
readily apparent from the argument briefed. See Pool, 715 S.W.2d at 633 (remanding
for consideration of factual-sufficiency challenge where appellate court failed to
consider argument in form that was “readily apparent from the argument briefed”).

          A motion for new trial is a prerequisite to bringing a complaint on appeal
challenging the factual insufficiency of the evidence to support a jury finding, a
complaint that a jury finding is against the great weight and preponderance of the
evidence, and a complaint of inadequacy in the damages found by the jury. See Tex.
R. Civ. P. 324(b)(2),(3), and (4). Griffin did not file a motion for a new trial. 
Therefore, her issues were not preserved for our review. See Foxx v. DeRobbio, 224
S.W.3d 263, 267 (Tex. App.—El Paso 2005, no. pet.). 

          We recognize that Griffin brought her factual sufficiency challenges in a
motion for JNOV. A motion for JNOV, however, does not suffice to preserve a
challenge to the factual sufficiency of the evidence. Cecil v. Smith, 804 S.W.2d 509,
510–11 (Tex. 1991); Kratz v. Exxon Corp., 890 S.W.2d 899, 901 (Tex. App.—El
Paso, 1994, no writ). We conclude that Griffin has waived her complaint. See Tex.
R. App. P. 33.1; Tex. R. Civ. P. 324(b); Halim v. Ramchandani, 203 S.W.3d 482, 487
(Tex. App.—Houston [14th Dist.] 2006, no pet.).

          Accordingly, we overrule Griffin’s first, second, and third issues.

Exclusion of Evidence

          In her fifth issue, Griffin contends that the trial court erred by excluding the
following evidence: (1) the narrative report of Griffin’s treating physician, (2) the
unredacted accident report, (3) the expert report of Griffin’s certified public
accountant, Melvin Williams, and (4) Griffin’s business records. Griffin presented
her evidence by bill of exception. See Sw. Country Enters., Inc. v. Lucky Lady Oil
Co., 991 S.W.2d 490, 494–95 (Tex. App.—Fort Worth 1999, pet. denied). 

           A trial court has broad discretion in deciding whether to admit or to exclude
evidence. See Nat’l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000). 
We will find erroneous a trial court’s decision to exclude evidence only if the trial
court abused its discretion. Id. at 527–28. A trial court abuses its discretion when it
acts without reference to any guiding rules or principles. Owens-Corning Fiberglas
Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). We must uphold the trial court’s
evidentiary ruling if has any legitimate basis. Id. Unless an erroneous evidentiary
ruling by the trial court probably caused the rendition of an improper judgment, we
will not reverse the ruling. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887,
906 (Tex. 2000).

          Here, at a pre-trial hearing, the trial court made its rulings concerning whether
it would admit the parties’ proffered exhibits. 

          1.       Griffin’s treating physician 

          Griffin contends that the trial court erroneously excluded Exhibit 16, which is
the narrative report of Griffin’s treating physician. The record before us reflects that
Exhibit 16 was admitted. Griffin does not direct us to any place in the record
demonstrating that the report, or any portion thereof, was excluded. Hence, nothing
is presented for our review.

          2.       Accident Report

          Next, Griffin contends that the trial court erroneously refused to admit Exhibit
1, the accident report, without redaction. Specifically, Griffin complains that the
report should have been admitted without the redaction of the “Investigator’s
narrative opinion of what happened,” which states, Unit 1 traveled northbound 1700 Georgia inside lane. Unit 2 stopped at stop sign 1200 West X at Georgia inside lane facing west. Unit 2 failed
to yield right of way stop sign and was struck in the left front quarter
with the front of Unit 1.

 
Griffin complains that “[t]he unredacted report would have provided documentary
evidence regarding the cause of the automobile collision.” (Emphasis added.)

 
          Accident reports are admissible under Rule 803(8) as an exception to the
hearsay rule. See Tex. R. Evid. 803(8). Rule 803(8), generally stated, provides for
the admissibility of reports of public offices or agencies setting forth, inter alia,
“matters observed pursuant to a duty imposed by law as to which matters there was
a duty to report.” Id. 

          Here, although the accident report was generally admissible, it may have
contained expert opinions that were properly excluded. See McRae v. Echols, 8
S.W.3d 797, 800 (Tex. App.—Waco 2000, pet. denied). When, as here, the
investigating officer is not deposed, does not testify at trial, and nothing is offered in
the way of qualifications, opinion testimony regarding causation may properly be
deemed inadmissible. See Pilgrim’s Pride Corp. v. Smoak, 134 S.W.3d 880, 892
(Tex. App.—Texarkana 2004, pet. denied) (finding evidence inadmissible hearsay
because officer was not expert in accident reconstruction); Ter-Vartanyan v. R.R.
Freight, Inc., 111 S.W.3d 779, 781–82 (Tex. App.—Dallas 2003, pet. denied)
(discussing police officer’s qualifications to give opinion about cause of accident). 
However, an investigator’s opinion based on a factual observation may be deemed
admissible. McRae, 8 S.W.3d at 800. 

          Here, the investigator stated an opinion that Carson “failed to yield the right
of way,” and the trial court chose to exclude the investigator’s narrative. The trial
court had broad discretion in deciding whether to admit or exclude this evidence. See
Allen, 15 S.W.3d at 527–28. We cannot conclude that the trial court acted without
reference to any guiding rules or principles because there is authority for excluding
such evidence. Smoak, 134 S.W.3d at 892; R.R. Freight, Inc., 111 S.W.3d at 781–82.
We must uphold the trial court’s evidentiary ruling if it has any legitimate basis.
Allen, 15 S.W.3d at 527–28. We cannot conclude that the trial court abused its
discretion by admitting the record in its redacted form. 

          Moreover, unless an erroneous evidentiary ruling by the trial court probably
caused the rendition of an improper judgment, we will not reverse the ruling. See
Auld, 34 S.W.3d at 906. Here, the record shows that Carson conceded at trial that she
caused the collision.

          3.       Griffin’s CPA

          Next, Griffin contends that the trial court erroneously excluded exhibit 21,
which is the report of Griffin’s CPA, Williams. The record shows that exhibit 21 was
admitted on the condition that Williams testify at trial and be subject to cross-examination. The record shows that Griffin did not call Williams to testify at trial. 
Griffin does not direct us to any place in the record in which the report was expressly
excluded. 

 
          However, Griffin’s issue cannot be sustained on the basis she advances on
appeal. Griffin contends that the report should have been unconditionally admitted
under Rule of Civil Procedure 195.3(a)(2). Rule 195.3(a)(2) provides that a party
seeking affirmative relief “must make” its expert available for deposition as follows:

If a report of the expert’s factual observations, tests, supporting
data, calculations, photographs, and opinions is produced when
the expert is designated, then the party need not make the expert
available for deposition until reasonably promptly after all other
experts have been designated.

 
Tex. R. Civ. P. 195.3(a)(2). Nothing in Rule 195.3(a)(2) supports the proposition
Griffin advances, namely, that she was simply never required to produce Williams for
cross-examination.

          4.       Business Records

          Finally, Griffin contends that the trial court erred by excluding Griffin’s
proffered business records. The record shows that the trial court excluded exhibits
12 and 13 on the basis that the records were confusing and repetitive. By her bill of
exception and on appeal, Griffin complains that the business records would have
helped the jury with the calculation of Griffin’s lost earnings and were admissible
under Rule of Evidence “903(10).” 

 
 
          Rule of Evidence 902(10)(a) provides in pertinent part, as follows:

Any record . . . which would be admissible under Rule 803(6) . . . shall
be admissible in evidence . . . upon the affidavit of the person who
would otherwise provide the prerequisites of Rule 803(6) . . . , that such
records attached to such affidavit were in fact so kept as required by
Rule 803(6) . . . , provided further, that such record or records along
with such affidavit are filed with the clerk of the court for inclusion with
the papers in the cause in which the record or records are sought to be
used as evidence at least fourteen days prior to the day upon which trial
of said cause commences, and provided the other parties to said cause
are given prompt notice by the party filing same . . . .Tex. R. Evid. 902(10)(a). Rule 803(6), stated generally, provides that a business
record is not excluded by the hearsay rule


 if, “as shown by the testimony of the
custodian or other qualified witness, or by affidavit that complies with Rule 902(10),”
the record was

made at or near the time by, or from information transmitted by, a person
with knowledge, if kept in the course of a regularly conducted business
activity, and if it was the regular practice of that business activity to
make the memorandum, report, record, or data compilation, all as shown
by the testimony of the custodian or other qualified witness, or by
affidavit that complies with Rule 902(10), unless the source of
information or the method or circumstances of preparation indicate lack
of trustworthiness.

 
Tex. R. Evid. 803(6).

 
          Griffin contends that she satisfied the requirements of Rule 902 and therefore
Exhibits 12 and 13 should have been admitted. We disagree.

          Rule 902 concerns only authentication of evidence and does not concern the
admissibility of the content of that evidence. Wright v. Lewis, 777 S.W.2d 520, 524
(Tex. App.—Corpus Christi 1989, writ denied) (explaining that Rule 902 operates
only to preclude opponent from disputing admissibility on grounds of authentication). 
The opponent may, as here, object to admissibility on other grounds, such as
relevance. See Tex. R. Evid. 401, 402.

          Here, the record contains Griffin’s tax returns from 2002, 2003, and 2004,
including the Schedule C (Profit or Loss From Business) of Griffin Dental
Laboratory, her sole source of income. Griffin’s tax records delineate her gross
receipts and associated expenses. The record further contains Griffin’s testimony
concerning the specific accounts she claims she lost as a result of being unable to
work in her business of making dentures after the accident and the precise amount of
lost earnings she attributed to those accounts, which was $8,000. As Griffin points
out under her third issue in her brief on appeal, Griffin’s tax returns and testimony
“were sufficient to support an award of lost earnings in the past of $8,000.”

          Exhibit 12 is a series of piecemeal customer account statements from Griffin’s
sole proprietorship, Griffin Dental Laboratory, for the years 2003 and 2004. We
cannot conclude that the trial court abused its discretion in concluding that Exhibit
12 was repetitive and likely to confuse the jury. 

          Moreover, because the excluded evidence was cumulative of other evidence
in the record, we cannot conclude that any error probably caused the rendition of an
improper judgment. Tex. R. App. P. 44.1(a)(1); Williams Distrib. Co. v. Franklin, 898
S.W.2d 816, 817 (Tex. 1995).

          Griffin also offered into evidence Exhibit 13, which is a single sheet of paper
containing handwritten notes and figures. We cannot conclude that the trial court
abused its discretion in determining that these notes, which are abstract and
indecipherable, were confusing and unlikely to help the jury with the calculation of
Griffin’s lost earnings.

          Accordingly, we overrule Griffin’s fifth issue.

Costs

          In her fourth issue, Griffin contends that the trial court erred by determining
that “‘good cause’ exists not to include appellant’s taxable costs as shown in her
certified Bill of Costs in the judgment.” Griffin contends that, as the prevailing party
below, she was entitled to recover all of her taxable costs incurred in the prosecution
of her suit, citing Rule of Civil Procedure 131. 

 
          The matter of awarding costs is left largely to the trial court’s discretion.
Mitchell v. Bank of Am., N.A., 156 S.W.3d 622, 630 (Tex. App.—Dallas 2004, pet.
denied); Shaikh v. Aerovias de Mexico, 127 S.W.3d 76, 82 (Tex. App.—Houston [1st
Dist.] 2003, no pet.) (considering assessment of costs and noting that power to tax
costs does not include power to tax items normally not allowed); Univ. of Houston-Clear Lake v. Marsh, 981 S.W.2d 912, 914 (Tex. App.—Houston [1st Dist.] 1998,
no pet.) (concerning allocation of costs). “Costs” usually refers to fees and charges
required by law to be paid to the courts or some of their officers, and the amount is
fixed by statute or the court’s rules. Shaikh, 127 S.W.3d at 82. Generally, expenses
incurred in prosecuting or defending a lawsuit are not recoverable as costs, unless
permitted by a statute or rule. Sterling Bank v. Willard M, L.L.C., 221 S.W.3d 121,
125 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Shaikh, 127 S.W.3d at 82.
Whether a particular expense is permitted by statute or rule to be recoverable as a
court cost is a question of law, which we review de novo. Ferry v. Sackett, 204
S.W.3d 911, 912 (Tex. App.—Dallas 2006, no pet.).

          Civil Practice and Remedies Code section 31.007(b) provides as follows: 

          A judge . . . may include . . . all costs, including the following:
          (1)     fees of the clerk and service fees due the county;
          (2)     fees of the court reporter for the original or stenographic
transcripts necessarily obtained for use in the suit;
          (3)     masters, interpreters, and guardians ad litem . . .; and
          (4)     such other costs and fees as may be permitted by these rules and
state statutes.
Tex. Civ. Prac. & Rem. Code Ann. § 31.007 (Vernon 2008).

          Rule of Civil Procedure 131 provides, “The successful party to a suit shall
recover of his adversary all costs incurred therein, except where otherwise provided.”
Tex.R. Civ. P. 131. Rule 141 provides that “the court may, for good cause, to be
stated on the record, adjudge the costs otherwise than as provided by law or by these
rules.” Tex. R. Civ. P. 141. That is, the trial court may not assess costs, other than
as provided for by Rule 131, which allows costs to be assessed against the non-prevailing party, unless good cause is shown. City of Houston v. Woods, 138 S.W.3d
574, 581 (Tex. App.—Houston [14th Dist.] 2004, no pet.). This court has held that
“[c]osts, within the meaning of Rules 125 through 149 are those items in the clerk’s
bill of costs.” Shaikh, 127 S.W.3d at 82; Sterling Bank, 221 S.W.3d at 125; see also
Tex. R. Civ. P. 125–149. 

          Here, the record includes a “Plaintiff’s Bill of Costs,” which was prepared and
certified by Griffin’s counsel and filed with the court, in which Griffin sought a total
$2,280.78 in costs. These costs are itemized as follows: (1) filing fees of $212.00;
(2) “Private Service on Phyllis Smith” of $75.00; (3) “Fees for Witnesses” of $10.00;
(4) mediation fee of $375.00; (5) affidavit fees of $194.53; (6) expert report fees of
$700; (7) fees for “Business Records—Texas Department of Public Safety” of
$20.00; and (8) $694.25 for “Deposition Costs.”

          The bill of costs prepared by the Harris County Clerk reflects costs of $499. 
The record shows that the trial court awarded in Griffin’s favor taxable court costs of
$1,158.12.

          In her brief on appeal, Griffin asserts only that she is globally entitled to her
costs and does not provide us with argument or citations to authority for any
particular cost. Carson challenges Griffin’s stated fees for expert reports and
depositions.

          It is well-settled that, “regardless of any good cause shown, costs of experts are
merely incidental expenses in preparation for trial and not recoverable.” Richards v.
Mena, 907 S.W.2d 566, 571 (Tex. App.—Corpus Christi 1995, writ dism’d); King v.
Acker, 725 S.W.2d 750, 755 (Tex. App.—Houston [1st Dist.] 1987, no writ) (fees
paid to handwriting expert are not recoverable as costs); Adams v. Stotts, 667 S.W.2d
798, 801 (Tex. App.—Dallas 1983, no writ) (expert fees necessary to establish
evidentiary matters are not “costs”); Whitley v. King, 581 S.W.2d 541, 544 (Tex. Civ.
App.—Fort Worth 1979, no writ) (expenses of surveyor who was not court-appointed
not recoverable); City of Houston v. Biggers, 380 S.W.2d 700, 705 (Tex. Civ.
App.—Houston [1st Dist.] 1964, writ ref’d n. r. e.). Hence, the trial court did not err
by excluding $700 in expert fees from the costs Griffin sought. 

          The expense of taking depositions, including depositions on written questions,
is an item properly chargeable as court costs. See Tex. R. Civ. P. 200.4, 203.2(f). 
Pursuant to Rule 203.2, the deposition officer must file with the court, serve on all
parties, and attach to the deposition a certificate duly sworn by the officer stating,
inter alia, “the amount of the deposition officer’s charges for preparing the original
deposition transcript, which the clerk of the court must tax as costs.” Tex. R. Civ. P.
203.2 (emphasis added). When a deposition is conducted on written questions, the
deposition officer “must . . . prepare, certify, and deliver the deposition transcript in
accordance with Rule 203.” Tex. R. Civ. P. 200.4. 

          Here, Griffin sought “Deposition Fees” as follows: Cingular Wireless, $195.49;
State Farm, $68.50; Doranita Carson, $271.59; and Washington Mutual Bank,
$158.67. There is no documentation in the record before us that Griffin complied
with Rule 203.2 with regard to recovering as costs her “Deposition Fees” for State
Farm, Doranita Carson, or Washington Mutual Bank.


 We cannot conclude that the
trial court erred by excluding these as costs.

          Accordingly, we overrule Griffin’s fourth issue.

CONCLUSIONWe affirm the trial court’s judgment. 

 

                                                             Laura Carter Higley 

                                                             Justice

 
Panel consists of Justices Jennings, Alcala, and Higley.