Rafael T. **LEDESMA**, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION**, Appellee.

No. 09–89–114 CV.

Court of Appeals of Texas, Beaumont.

Aug. 30, 1990.

Jimmy Nettles, Beaumont, for appellant.

John Dolezal, Weller, Wheelus & Green, Beaumont, for appellee.

## OPINION

WALKER, Chief Justice.

This is an appeal from a jury trial held in Polk County involving issues of worker's compensation. Appellant, Rafael Ledesma, had perfected an appeal for a trial de novo from an award of the Texas Industrial Accident Board to the 9th District Court in Polk County. Appellee, Texas Employers' Insurance Association, also perfected an appeal from the award, but to a court in Liberty County. Appellant's venue plea was sustained, and the Liberty County case was transferred to Polk County. The jury answered the question of injury unfavorably to appellant rendering all other questions pertaining to disability and past incurred medical expenses moot. This resulted in a take nothing judgment for appellant. Appellant presents us with four points of error. Point of error one is as follows:

The trial court erred in excluding the testimony of expert witnesses, Drs. Jerry Clark and J. Anthony Walter, pertaining to Appellant having sustained an injury on May 28, 1986 because such evidence properly couched in cross-examination in substance was based upon reasonable medical probabilities upon which the whole case turned, and such exclusion was calculated to cause and probably did cause the rendition of an improper verdict.

We wish to note from the outset that an exhaustive examination of the record was done in order to properly decide this point of error. With regard to the deposition testimony of Dr. Walter which was read to the jury, we note only one objection by

appellee which was sustained. We don't know the ground for the objection because it was urged during an unrecorded bench conference. At any rate, after sustaining the appellee's objection to the reading of Dr. Walter's deposition testimony at page 13, lines 12–25, a recess was taken. When the trial resumed, appellant called a witness to the stand. The record does not reflect that appellant ever offered the rest of Dr. Walter's deposition testimony, if any was intended to be offered before the jury. Nevertheless, appellant's Bill of Exception of Dr. Walter's testimony runs on for many pages and does not indicate where the omitted testimony of page 13, lines 12–25 ends. TEX.R.APP.P. 50(d) states, "**Burden on Appellant.** The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal." Appellant did not do this with regard to Dr. Walter's deposition testimony.

■ With regard to Dr. Clark's deposition testimony, the record reflects that both parties and the trial court met in chambers and went over the deposition. Each party made objections and the trial court ruled on them. Of the eleven objections made by appellee, six were sustained by the trial court. In regards to these six rulings, appellant fails to include the excluded testimony in his Bill of Exceptions in two instances. As to the other four adverse rulings, we find no error in the trial court having sustained appellee's objections. Once again, Rule 50(d) as quoted above was not fully complied with. Point of error one is overruled.

Point of error two is as follows:

The trial court erred in excluding testimony of witness, Henry Ager, pertaining to the reasonableness of the costs of Appellant's prescriptive medications because Appellee was not surprised by the witness as it claimed in that Appellant had made a full disclosure in discovery proceedings, and such exclusion of evidence was calculated to cause and probably did cause the rendition of an improper verdict.

Strictly speaking, the failure of a party to supplement answers to interrogatories results in the automatic exclusion of testimony of an unidentified witness. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 297–298 (Tex. 1986). The testimony of an unidentified witness is admissible, however, if the trial court finds that good cause exists for allowing the witness to testify. *Yeldell v. Holiday Hills Retirement & Nursing Ctr., Inc.,* 701 S.W.2d 243, 246 (Tex.1985). The burden of establishing good cause is on the party offering the evidence. *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363, 364 (Tex.1987). See, TEX.R.CIV.P. 215(5) and 166b(6). In the instant case, Mr. Ager was the owner of Medical Center Pharmacy. Appellant had purchased prescription medicine at Medical Center Pharmacy, and Mr. Ager was called as a witness to testify to the reasonableness of the pharmacy's charges. Appellant's response to the objection was that appellee was not surprised by the witness as the name of the pharmacy had been included in some supplemental answers provided to appellee. We feel that it was within the sound discretion of the trial court to rule as it did. Furthermore, we can see no harm to appellant as his Bill of Exception indicates that Mr. Ager's testimony consisted of relating the expense of certain unspecified medications prescribed by Dr. Walter totalling $41.77. Since the jury found that appellant did not suffer an injury as he claimed, the absence of Mr. Ager's testimony could not have resulted in an improper verdict. Point of error two is overruled.

■ Appellant sets out point of error three as follows:

The trial court erred in instructing the jury on sole cause because there was no evidence establishing that any other incident or condition was the sole cause of Appellant's injury or condition which allowed the jury to speculate as to causation, and such instruction was calculated to cause and probably did cause the rendition of an improper verdict.

We note that appellee's initial response to this point of error is that because the jury failed to find that appellant sustained an injury on May 28, 1986 by answering the

first special issue in the negative, the jury never reached Special Issues 2 or 3 which asked whether the May 28, 1986 injury was a producing cause of any total or partial disability. The instruction on sole cause was in the general instructions under the definition of "Producing Cause." If indeed there was no evidence to raise an issue of sole cause, including it in the definition of "Producing Cause" may have had an impact on the jury so as to lead to the rendition of an improper verdict. The record reflects, however, that appellant and appellant's brother testified that appellant sustained an injury on February 20, 1985, and the injury was referred to in a portion of Dr. Clark's deposition read to the jury. The February 20 injury was presented extensively in the deposition testimony of Dr. Rauol Perez during appellee's case in chief. We find ample evidence raising an issue of sole cause, therefore the trial court's instruction was clearly proper. Point of error three is overruled.

■ Appellant's final point of error is presented as follows:

The finding by the jury that Appellant did not sustain an injury to his neck or back on May 28, 1986 is so against the overwhelming weight of the evidence as to be manifestly unjust, and a new trial should be granted in the interest of justice.

We note initially that the standard for reviewing a "non-finding" by a jury is the same as the standard for reviewing a "finding" by a jury. *Cropper v. Caterpillar Tractor Co.,* 754 S.W.2d 646, 651 (Tex. 1988). That standard for review dealing with factual sufficiency points of error was recited in *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951) as follows:

The question requires the Court of Civil Appeals, ... to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be *manifestly unjust*—this, regardless of whether the record contains *some* "evidence of probative force" in support of the verdict.... The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict. (emphasis ours).

*In re King's Estate, supra* 244 S.W.2d at 661.

An examination of the entire record reveals obvious conflicts in the evidence as to whether or not appellant sustained an injury to his neck or back or side on May 28, 1986. Inference could be taken from the testimony that any pain in appellant's neck, back or side following his leg injury on May 28, 1986 was the result of the injury on February 20, 1985 which had continued to bother appellant over the year leading up to the May 28 accident. Furthermore, the record reflects a distinct lack of hard medical evidence objectively reflecting a neck, back, or side injury to appellant. There was testimony by appellant of pain, as well as evidence of his diminishing work record, but we are unwilling to conclude that because appellant's evidence did not preponderate in his favor, the verdict was manifestly unjust. Point of error four is overruled.

Having found no reversible error in the record before us, we affirm the judgment of the trial court.

AFFIRMED.