Tony NIKOLOUTSOS, Appellant,

v.

Wanda NIKOLOUTSOS, Appellee.

No. 09–95–312 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 14, 2001.

Decided June 28, 2001.

Bruce W. Cobb, Beaumont, for appellant.

Bob Wortham, Richard J. Clarkson, Reaud, Morgan & Quinn, Inc., Beaumont, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Justice.

Alleging she sustained physical injuries as the result of an assault, Wanda Nikoloutsos filed a civil suit against her ex-husband, Tony Nikoloutsos. A jury found that Tony Nikoloutsos maliciously assaulted Wanda Nikoloutsos. The trial court entered judgment for $863,440.00 on a jury verdict. Tony Nikoloutsos raises two issues on appeal.

■ Issue one asks "[w]hether the trial court erred in excluding the testimony of witness Mansfield." The trial court excluded A.B. Mansfield as a witness because his identity had not been disclosed in discovery. This basis for the ruling is not supported by the record. Tony Nikoloutsos disclosed Mansfield's identity in an answer to an interrogatory, as follows:

State the name, address and telephone number of any and all persons, excluding expert witnesses, having knowledge of relevant facts relating to the incident which is the basis of this lawsuit, the cause thereof, or the damages resulting therefrom.

Answer: TONY NIKOLOUTSOS
[address]                    [telephone number]

WANDA NIKOLOUTSOS
[address]                    [telephone number]

AB MANSFIELD CONSTRUCTION
P.O. BOX 1605
VIDOR, TEXAS 77662        409–769–6565

At trial, Wanda's counsel argued that Tony had identified a business entity, not an individual. According to the record, however, there is only one entity, the individual named Mansfield. Mansfield testified that he is self-employed and his business, "A. B. 'Junebug' Mansfield Dozer and Backhoe Service," is not a corporation. Mansfield's home telephone number was listed in the response. Wanda's attorney interviewed Mansfield shortly after the incident.

■ Wanda argues this case is governed by our decision in *Ledesma v. Texas Employers' Ins. Ass'n*, 795 S.W.2d 337, 339 (Tex.App.—Beaumont 1990, no writ). In *Ledesma*, we held the trial court acted within its discretion in excluding a pharmacist as a witness, although the name of the pharmacy, Medical Center Pharmacy, had been identified in some supplemental discovery responses. *Id.* In that case, the pharmacist was not named at all. *Id.* Even a "catch-all" identification is sufficient if there is no pre-trial objection. *See*

*Missouri Pacific R.R. Co. v. Lemon,* 861 S.W.2d 501, 531 (Tex.App.—Houston [14th Dist.] 1993, writ dism'd by agr.) (Appellees identified "persons with knowledge of relevant facts" as the "individuals listed" in other party's responses and as all individuals whose depositions have been taken or will be taken in near future.); *AmSav Group, Inc. v. American Sav. and Loan Ass'n of Brazoria County,* 796 S.W.2d 482, 486 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (identification of persons with relevant facts as "board of directors" and those deposed in case). Mansfield's name, address, and home telephone number were provided in response to the inquiry about persons with knowledge of the relevant facts. Rather than describing a different person with knowledge of relevant facts, the word "construction" following Mansfield's name describes him. However illogical the presence of that word may have been, the witness's identity was disclosed in the discovery response and if clarification was necessary Wanda had to bring the dispute to the attention of the trial court before trial. Wanda Nikoloutsos did not raise a pre-trial objection, and thereby waived any objection to the form of the response. *See Lewis v. Western Waste Indus.,* 950 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1997, no writ). Since Tony Nikoloutsos identified Mansfield, by name and location, in response to discovery, former Rule 215(5) of the Texas Rules of Civil Procedure did not apply and the trial court abused its discretion in excluding the witness. Rule 215(5) provided for exclusion of evidence if a party failed to respond or supplement.

■ "[E]rror in the exclusion of evidence requires reversal if it is both controlling on a material issue and not cumulative" of other evidence admitted at trial. *Williams Distrib. Co. v. Franklin,* 898 S.W.2d 816, 817 (Tex.1995) (quoting *Men-*

*tis v. Barnard,* 870 S.W.2d 14, 16 (Tex. 1994)). In a bill of exception, Mansfield offered eyewitness testimony about the incident that formed the basis of the suit. According to Mansfield, Wanda was acting belligerent and Tony did not assault her. The testimony of a disinterested person undoubtedly carries more weight than similar testimony coming from interested parties to the case. *See Tinkle v. Henderson,* 777 S.W.2d 537, 539 (Tex.App.—Tyler 1989, writ denied). In *Boothe v.. Hausler,* 766 S.W.2d 788, 789 (Tex.1989), the Supreme Court held in an assault case that testimony from a non-party that one party did not strike the other concerned a material issue dispositive of the case. As Mansfield was the only disinterested witness in a swearing match between the former spouses, his testimony was controlling on a material issue and not merely cumulative. Issue one is sustained.

■ Issue two asks "[w]hether the trial court erred in excluding Wanda's prior conviction of false report." In a bill of exception, Tony proved that Wanda had been convicted of filing a false report and placed on probation in a case in which Tony was the complaining witness. The discussion of Wanda's initial objection to admission of this evidence was not recorded. In the bill of exception, defense counsel argued for its admissibility as impeachment evidence of a crime of moral turpitude. Plaintiff's counsel argued the evidence should be excluded because it was not provided through discovery. Although Wanda's interrogatories included a request for detailed information on offenses charged against either party, Tony's discovery responses do not describe an incident occurring on a date corresponding to the false report. Under Rule 215(5), the evidence could have been excluded as a discovery sanction. *See*

TEX.R. CIV. P. 215(5). Issue two is over-ruled.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for a new trial.

REVERSED AND REMANDED.